STOKER, Judge.
This case involves an action for breach of contract. The primary and underlying issue is whether the appellant oil distributor owes appellee commissions on sales of gasoline from convenience store locations secured by appellee. Wilber Hoyt (Hoyt), an expert in the construction and site location of “convenience” stores contracted with Hi-Lo Oil Company (Hi-Lo) to obtain sites at convenience stores for the sales of Hi-Lo gasoline. Hoyt received a fraction of a cent commission for each gallon of gasoline sold at locations he obtained for Hi-Lo. Three contracts containing the agreement between the parties were drawn up and signed on February 26,1968. This arrangement worked well until October 1970 when Hi-Lo stopped paying commissions. After unsuccessful attempts to have the commissions reinstated, Hoyt filed suit on July 29, 1978, against Hi-Lo seeking a judgment for past due commissions, specific performance for future commissions and attorney’s fees. In a supplemental petition, Hoyt asked for legal interest on the accounts past due to be assessed “at the rate in effect under law at the time of said contract” from March 12, 1971, the date on which Hi-Lo was allegedly put in default. The trial judge awarded to Hoyt $43,284.03 which represents the amount of commissions past due with interest at five percent through June 29, 1978. The trial court also awarded legal interest on the sum of $43,284.03 from date of judicial demand until paid.
Hi-Lo appeals, contending that the trial court erred in failing to find Hoyt’s cause of action had prescribed and in misinterpreting the contract between the parties to find that Hi-Lo had breached the contract. Hi-Lo also contends that Hoyt failed to prove all of the damages on which his award was based and that Hoyt is entitled to only five percent interest from date of judicial demand since this was the legal interest rate at the time of the contract was confected. These issues will be discussed in the order presented.
*996 PRESCRIPTION
Hi-Lo contends that the trial court erred in not sustaining its exception of prescription. Hi-Lo argues that Hoyt’s commissions are annuities and therefore any of Hoyt’s claims which were due more than three years previous to filing of suit have prescribed under LSA-C.C. art. 3538 which includes actions on annuities. A contract of annuity is defined in LSA-C.C. art. 2793 as “. . . that by which one party delivers to another a sum of money, and agrees not to reclaim it so long as the receiver pays the rent agreed upon.” Hoyt paid no money to Hi-Lo from which he claims an annuity is owed. Therefore, the general prescriptive period of ten years for personal actions under LSA-C.C. art. 3544 is applicable to this cause of action. Contractual obligations prescribe in ten years from the date they arise. See Scobee v. Lewis, 264 So.2d 704 (La.App. 1st Cir. 1972), application denied, 262 La. 1179, 266 So.2d 451 (La.1972). Hi-Lo’s first assignment of error has no merit.
INTERPRETATION OF THE CONTRACTS
Hi-Lo urges that the trial court erred in not finding that the contracts between Hi-Lo and Hoyt were confected by Hoyt and that, therefore, any ambiguities in the contracts should be construed against Hoyt. We find ample evidence in the record to support the trial court’s finding that the parties negotiated the contract together. However, we need not consider this issue further as we find that the contracts are not ambiguous. Therefore, we need not rely on any rule of interpretation applicable to ambiguous contracts.
On the basis of an oral agreement between the parties, Hoyt obtained sites for the sale of Hi-Lo gasoline at the Chester Food Store in Scott, Louisiana, and the Louisiana stores in the Phil-A-Sac and Shop-Rite chains. This agreement was reduced to writing in three separate contracts. Hoyt was to receive one fourth of a cent per gallon of gas sold at the Chester Food Store and one-fifth of a cent per gallon of gas sold at the Phil-A-Sac and Shop-Rite stores. The contracts have identical terms except for the rate of the commissions. Each provided as follows:
“There will be no commission paid during the time gas is priced below 26 cents. This commission is paid for the efforts put forth by Wilber S. Hoyt obtaining and promoting this business for Hi-Lo Oil Company. The commission will be paid as long as Wilber S. Hoyt assist (sic) in the promoting and operation of Hi-Lo Oil Company other than the normal services on equipment and monthly reading of the meters.”
Hi-Lo claims that its cessation of commission payments in October of 1970 was justified under the contract because at that time “the margin fell below normal”. The “margin” again reached the “normal level” in 1971, Hi-Lo argues, but the commissions to Hoyt were not resumed at that time because Hoyt had breached the obligation by failing to “... assist in the promoting and operation of [the] Hi-Lo Oil Company ... ”.
Hi-Lo claims that the agreement between the parties was that Hoyt would be paid commissions only as long as Hi-Lo received a normal profit margin from the sales of gasoline at the locations secured by Hoyt. Yet the contract includes no mention of a normal profit margin and only states that there will be no commission paid when gas is priced below 26 cents. The intent of the parties to a contract is to be determined by the words of the contract when these are clear and explicit and lead to no absurb consequences. LSA-C.C. art. 1945. Evidence adduced at trial indicated that at no time relevant to this case did the retail price of gas drop below 26 cents per gallon and no evidence was produced to the contrary. Therefore, we find that the trial court was not clearly wrong in its finding that the price of gas did not go below the minimum stated in the contract and that Hi-Lo was not justified in refusing to pay Hoyt the commissions under the contract on the ground that the profit margin dropped.
*997 BREACH OF CONTRACT OBLIGATION TO PROMOTE
Hi-Lo also contends that Hoyt breached his obligation to “promote” the operation of its company and that therefore Hi-Lo was justified in refusing to pay commissions for this reason. Hi-Lo claims that Hoyt became employed by other concerns during the term of his active employment with Hi-Lo, and that he secured locations for these other concerns for their convenience stores with gas pumps. In some cases these competing convenience stores were located across the street from Hi-Lo’s outlets.
However, as pointed out in the trial court’s reasons for judgment, Hi-Lo was aware that its contract with Hoyt was not exclusive and that Hoyt was a freelancer even when he worked for a particular company. Furthermore, Hi-Lo did not rely on Hoyt’s services as its exclusive source of promotion in the Louisiana area in question. Hi-Lo employed two men, one a former employee of Hoyt, to secure locations for the company in Louisiana on the strength of the initial operations set up by Hoyt in the state. Also, Hi-Lo was aware of Hoyt’s employment experience with other firms at the time the contract was confected.
The trial court stated:
“After listening to the testimony of the parties, the court is convinced that [the ‘promotion’ clause] was interpreted by both parties as a continuing effort by Plaintiff, to secure locations and to act as a consultant to Defendant. It must be realized that outside of merchandise promotion, advertising, and keeping goodwill with the operator, there was little that Plaintiff could do in ‘promotion’ except to keep presenting Hi-Lo’s proposition for sale of gas to prospective convenience store operations.”
The trial court found further that Hoyt promoted several locations for Hi-Lo and suggested advertising approaches and sales promotional schemes to Hi-Lo before the contract dispute arose. We find ample support in the record for these findings of fact. Furthermore, Hi-Lo did not ask Hoyt to perform any promotional activity in connection with his contract. Under these circumstances, the trial court was not clearly wrong in concluding that Hoyt fulfilled his obligation to assist in the promotion of Hi-Lo Oil Company in the manner which was contemplated by the parties.
DAMAGES
The only issue raised as to the correctness of the amount of the trial judge’s award to Hoyt is Hi-Lo’s contention that the gallonage reports necessary to establish the claim for damages were not introduced into evidence for three locations: the Shop-Rite in Jennings, Louisiana, the Phil-A-Sac in Ville Platte, Louisiana, and the Phil-A-Sac No. 37 in Alexandria, Louisiana.
The trial court based its award on detailed calculations in a report prepared by the CPA firm of Postlethwaite, Netterville, Evans and Major, dated September 4, 1981, which the court requested at trial. This report was not submitted as trial evidence but was later filed in the record under instructions from the trial judge included in his reasons for judgment. (Tr. 265-266). Through their counsel the parties later filed in the record a post-trial stipulation with reference to the CPA report of September 4,1981. The report contained the gallonage reports for various locations which Hoyt claims he secured for Hi-Lo, including the three disputed locations named above.
The post-trial stipulation (filed in the trial court November 6,1981) reads as follows:
“POST TRIAL STIPULATIONS
“NOW INTO COURT, through undersigned counsel, come WILBER S. HOYT AND HI-LO OIL COMPANY, plaintiff and defendant respectively in the above entitled and numbered cause, who have agreed and stipulated to the following:
1.
“That the summary of gallonage, and commissions contained on the final page of the report prepared by Brian J. Stagg, C.P.A. of the firm of Postlethwaite, Net- *998 terville, Evans and Major dated September 4,1981 is an accurate detailed calculation made in conformity with the Reasons for Judgment issued by the Honorable Isom J. Guillory, Jr. on the 12th day of August, 1981.
2.
“That the summary of interest due through June 29, 1978 contained in the third column of the summary referred to in paragraph 1 above is the correct amount of interest due up to and through June 29, 1978 under the detailed calculation prepared in conformity with the Reasons for Judgment.
3.
“That in the calculations set forth in paragraph 1, credit was given to defendant, Hi-Lo Oil Company, for all amounts paid to Wilber Hoyt as directed in the Reasons for Judgment.”
Therefore, we do not find any merit in Hi-Lo’s claim that the proof of Hoyt’s claim relative to the three disputed locations was not submitted into evidence.
INTEREST
Hi-Lo seeks to limit the interest on any judgment awarded to Hoyt to five percent, the legal rate of interest at the time of execution of the contract, under the authority of LSA-C.C. art. 1940. Article 1940 reads as follows:
“In cases where no conventional interest is stipulated, the legal interest, at the time of contract was made, shall be recovered, although the rate may have been subsequently changed by law.”
Based on the CPA report of September 4, 1981, the judgment awarded Hoyt the sum of $43,284.03 “plus legal interest from date of judicial demand until paid and for all costs of these proceedings.” The figure of $43,284.03 appears to have been made up of the commissions due of $35,378.78 based on the total gallonage sold plus interest at five percent per annum through June 29, 1978, (the date suit was filed). The interest was shown as a total amount of $7,905.25. Therefore, the basis amount awarded consisted of:
Commissions due $35,378.78
Interest at the rate of 5% 7.905.25
Amount of Judgment $43,284.03
The accuracy of the CPA computation through June 29, 1978, has not been challenged. As shown in the tabulations of the CPA report it was calculated at five per cent per annum.
Page 1 of appellant’s brief contains Specification of Error, Number V which reads as follows:
V. THE TRIAL COURT ERRED IN AWARDING “LEGAL INTEREST FROM DATE OF JUDICIAL DEMAND UNTIL PAID” WITHOUT DEFINING LEGAL INTEREST.
Appellant is concerned that legal interest from date of judicial demand will be computed at the interest rates higher than five percent as provided in LSA-C.C. art. 2924 for judicial interest. Indeed, the CPA calculations appear to reflect such thinking. The last two columns of the summary sheet show interest after judicial demand accrued at seven percent to September 12,1980, and thereafter at ten percent to September 12, 1981. Therefore, we interpret the appellant’s Specification Number V as a request that we construe the words of the trial court’s judgment referring to “legal interest from date of judicial demand” as meaning five percent per annum rather than the higher rates provided in LSA-C.C. art. 2924 by the various amendments to that article enacted in recent years.
In a supplemental brief filed subsequent to oral argument, plaintiff Hoyt asserts the opposing view. Hoyt takes the position that under the judgment, interest on the judgment should accrue at the rates as specified in the amended version of LSA-C.C. art. 2924.
The conflicting contentions present an interesting question of law. However, we do not reach this question because plaintiff’s petition limits his demand to five percent per annum. The post-trial stipulation does *999 not affect the question. It does not alter plaintiff’s pleadings.
The plaintiff’s supplemental and amending petition clearly limited his demand for interest both before and after judicial demand to five percent. The substance of plaintiff’s supplemental and amending petition reads:
"I.
“By adding Paragraph 12 to petition to read as follows:
12.
“Plaintiff placed Defendant in default by letter of March 9, 1971 to John Harvi-son which was received by said John Har-vison and is therefore, entitled to legal interest on all amounts due as they accrued from March 12, 1971 at the rate in effect under law at time of said contract.
“WHEREFORE, PETITIONER, reiterating the prayer of his original petition as set forth at length herein, prays that his original petition be supplemented and amended in the above particulars that, after due proceedings had, there be judgment rendered herein in favor of Petitioner and against the Defendant as originally prayed for and for legal interest as described above.” (Emphasis supplied.)
For the foregoing reasons we are of the opinion that the judgment of the trial court should be affirmed but amended for the purpose of clarity to provide that the judgment of $43,284.03 bear interest at the rate of five percent per annum (instead of legal interest) from judicial demand until paid together with the costs of these proceedings. The trial court’s judgment is amended accordingly and affirmed as amended.
The costs of this appeal are assessed to defendant-appellant.
AMENDED AND AFFIRMED ' AS AMENDED.