FORET, Judge.
In this case we are called upon to interpret an agreement entered into between plaintiff, Louisiana Public Employees Council 17, American Federation of State, County and Municipal Employees, AFL-CIO, and Affiliated Local Union 1524, and defendant, the City of Lake Charles. The trial court rendered judgment in favor of plaintiff, finding that the employees represented by plaintiff were entitled to the same wage increases granted to law enforcement and fire personnel. Defendant has appealed the trial court’s judgment.
FACTS
The stipulated facts of this case are as follows: plaintiff and defendant entered into a labor agreement dated January 1, 1986. The contract deals with many facets of the employer-employee relationship, including, but not limited to, dismissals, grievance procedures, holidays, promotions, and wage rates. The disputed provision is contained under Article XX, Section Seven of the agreement. It provides as follows:
“7. It is also agreed and understood that the employees covered by this Agreement shall also receive an amount equal to any additional pay raise afforded other City departments after the date of signing of this Agreement and during the term of this Agreement.”
The State of Louisiana pays supplemental compensation to municipal law enforcement and fire personnel pursuant to R.S. 33:2002, et seq., and R.S. 33:2218.1, et seq. This supplemental compensation is paid directly to law enforcement and fire personnel by the State. Accordingly, Lake Charles law enforcement and fire personnel receive payment from two separate sources — the City of Lake Charles and the State of Louisiana. However, the City of Lake Charles pays payroll taxes and retirement contributions attributable to the supplemental compensation paid by the State. Also, the City of Lake Charles withholds income taxes attributable to these supplemental payments.
In April of 1988, the State reduced the supplemental compensation paid to municipal law enforcement and fire personnel by 15%. This was followed by an additional 10% reduction in July of 1988. By Ordinance No. 8733 dated September 13, 1988, the City of Lake Charles approved a budget for the 1988-89 fiscal year. Section Four of the ordinance gave city employees a 2% increase in salary and, in addition, provided for “reimbursement to offset salary lost by personnel receiving state supplemental pay or its equivalent.” Plaintiff maintains that the City breached Article *1187 XX, Section Seven of the above cited agreement by failing to give the same raise to its members, as the City gave to fire and police personnel. The trial court agreed with plaintiff, finding that employees represented by plaintiff were entitled to pay increases equal to those received by municipal law enforcement and fire personnel. The City of Lake Charles now appeals, contending that the trial court’s interpretation of the agreement in question is in error.
It should be noted at the outset that the State’s supplemental compensation is considered a part of the total salary received by law enforcement and fire personnel. With respect to fire personnel, R.S. 33:2004(D) provides as follows:
“D. The additional compensation paid by the state to municipal or parish fire department employees as provided by this Subpart shall be included in the calculation and computation of the total wages paid to the employee in the determination of employer contributions to any retirement system or pension fund of which such employee may be a member as well as in the determination of retirement eligibility and benefits which may accrue to the employee under any retirement system or pension fund, as well as in the determination of any other employee benefits, sick leave, or disability pay to which the employee might be entitled.”
R.S. 33:2218.4(D) provides the same with respect to municipal police officers. Additionally, the courts of our State have consistently held, in a variety of contexts, that state supplements are to be considered part of the employees’ overall level of compensation. See New Orleans, Etc. v. Civ. Service, Etc., 422 So.2d 402 (La.1982); Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975); and Williams v. City of West Monroe, 403 So.2d 842 (La.App. 2 Cir.1981). It is fairly obvious, therefore, that the salary of Lake Charles law enforcement and fire personnel is the combination of contributions made by the State of Louisiana and payments made by the City of Lake Charles.
Before considering the contractual provision in question, a brief review of our fundamental rules of contractual interpretation is in order. C.C. art. 2045 provides that the interpretation of a contract “is the determination of the common intent of the parties.” This is modified somewhat by C.C. art. 2046 which states that where “the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Art. 2047 provides that except where words of art or technical terms are involved, the words of an agreement are to be given “their generally prevailing meaning.” Art. 2048 states that words susceptible of different meanings should be interpreted “as having the meaning that best conforms to the object of the contract.” Finally, Art. 2051 provides that even though a contract is worded in general terms, “it must be interpreted to cover only those things it appears the parties intended to include.”
Turning now to the provision under consideration, we must determine whether or not the decision of the City of Lake Charles to make up or replace supplemental pay lost by law enforcement and fire personnel constitutes a pay raise within the meaning of Article XX, Section Seven of the subject agreement. We note that one of the definitions ascribed to the word “raise” in Webster’s Ninth New Collegiate Dictionary is “an increase in wages or salary.” Similarly, Black’s Law Dictionary, 5th Edition, 1979, defines “raise” as a verb meaning “to increase income by increasing salary, wages, or commissions.” As noted previously, the salary received by municipal law enforcement and fire personnel consists of amounts paid by the City of Lake Charles, as well as any supplemental compensation paid by the State. Thus, in order to affirm the judgment of the trial court and find that the City of Lake Charles has violated Article XX, Section Seven of the subject agreement, we must find that the total salary paid to municipal law enforcement and fire personnel (consisting of payments made by both the City of Lake Charles and/or the State) has been raised *1188 and/or increased. Clearly, it has not, and the parties have so stipulated. Specifically, in Paragraph 8 of the stipulations filed in these proceedings, the parties agreed that the “amount of the increase in fire and police employees’ paychecks corresponds with the amount of the decrease in the employees’ state supplemental paychecks.” Thus, the total salary of municipal law enforcement and fire personnel has not been increased — the proportions paid by the City of Lake Charles and the State of Louisiana have simply changed. Stated another way, the City of Lake Charles has simply acted to replace something that was taken away by the State of Louisiana, with the end result being no increase in the overall pay received by law enforcement and fire personnel. We see nothing in the contract in question which prohibits the City of Lake Charles from acting to maintain the level of pay received by law enforcement and fire personnel or any other city employees, for that matter. This is clearly not the object and purpose of Article XX, Section Seven. The purpose of this provision, as we see it, is to provide equal increases in pay for all covered employees. Thus, where, as here, the pay or salary of law enforcement and fire personnel has not been increased as a result of the City’s actions, Article XX, Section Seven has not been violated. We therefore conclude that the City’s replacement of lost supplemental pay to municipal law enforcement and fire personnel does not constitute a pay raise and is not in violation of Article XX, Section Seven of the City’s agreement with plaintiff.
Accordingly, the judgment of the trial court is hereby reversed and set aside, and plaintiff’s suit is dismissed with prejudice.
Costs of this appeal and at the trial level are to be paid by plaintiff.
REVERSED AND RENDERED.