595 So.2d 723 (1992)
Ann L. WONYCOTT
v.
SOUTHERN BUSINESS MACHINES, INC.
No. 91-CA-699.
Court of Appeal of Louisiana, Fifth Circuit.
February 18, 1992.
*724 Charles Emile Bruneau, Jr., New Orleans, for plaintiff/appellant.
Margaret A. (Peggy) LeBlanc, LeBlanc, Strickler & Woolhandler, New Orleans, for defendant/appellee.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This is an appeal by the plaintiff of the trial court's grant of certain exceptions. We reverse.
Plaintiff, Ann Wonycutt, filed this action against her former employer, Southern Business Machines, Inc., asserting numerous claims. According to the petition, Ms. Wonycutt was hired in 1974 as a sales representative and remained in defendant's employ until October, 1989. During that period she was promoted to sales manager, general sales manager, vice-president and ultimately, president of defendant corporation. Plaintiff avers that in 1979 she entered into a compensation agreement with defendant whereby she would receive stock in the corporation in lieu of commissions. She alleges that the agreement was renegotiated in 1984 and again in 1987 when she became president of the corporation. Plaintiff asserts that, the agreements notwithstanding, she received no stock or alternative compensation for the commissions owed but not paid by defendant.
Among her other claims, plaintiff asserted in her petition that she was denied sick leave and vacation pay in violation of the policies and procedures manual of defendant corporation, and that she was denied the opportunity to purchase her company vehicle as part of her severance package.
Defendant filed exceptions to those claims. Specifically, an exception of prescription was filed in response to plaintiff's claim for stock for the period from 1979 to 1983. An exception of lack of subject matter jurisdiction challenged the failure to allow the purchase of an automobile as part of a severance package and an exception of no cause/no right of action was asserted in response to her claim for sick leave. All three exceptions were maintained by the trial court.
Plaintiff filed an application for supervisory writs seeking review of that judgment. Because plaintiff actually sought review of partial final judgments, this court recognized the proper remedy as an expedited appeal. Consequently, on April 16, 1991 this court denied plaintiff's writ application but converted the request for *725 review to an expedited appeal. This opinion represents the consideration of that appeal.

PRESCRIPTION
Defendant argues that plaintiff's claim regarding defendant's failure to issue stock or alternative compensation is, in essence, a claim for unpaid commissions subject to a three year liberative prescriptive period. Plaintiff asserts the claim is a personal action for breach of contract prescribed by ten years. The trial court maintained the exception of prescription, dismissing plaintiff's claim for "sales commissions from 1979 to 1983."
Article 3499 of the Louisiana Civil Code provides that:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
One legislative restriction on that ten year liberative prescriptive period is contained in Article 3494(1) which provides as follows:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
The issue to be decided is whether plaintiff's claim should be characterized as a breach of contract action or an action to recover unpaid compensation. The character of an action disclosed in a pleading determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275 (La.1989); Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, 354 So.2d 192 (La.1978).
In her petition plaintiff avers that:
In 1979 Robert E. Todd, Sr., hereinafter referred to as "Todd", the major stockholder of defendant and president thereof at that time, entered into a compensation agreement with petitioner for and on behalf of the defendant, whereby petitioner would not draw commissions she earned and would be compensated in lieu thereof with shares of stock in the corporation. Defendant and petitioner renegotiated her compensation package in 1984, and she began to receive commissions on sales. At the time of renegotiation and on many occassions (sic) subsequent thereto, petitioner requested Todd to issue the stock to her. Todd assured petitioner that the stock would ultimately be issued to her in lieu of th (sic) commission. Petitioner relied on said assurances and continued her efforts for and on behalf of the corporation."
In support of her claim plaintiff cites Tillman v. New Orleans Saints Football Club, 265 So.2d 284 (La.App. 4th Cir.1972); Toronto v. Morton's Auction Exchange, Inc., 292 So.2d 767 (La.App. 4th Cir.1974) and Hoyt v. Hi-lo Oil Company, 419 So.2d 994 (La.App. 3rd Cir.1982) for the proposition that contractual arrangements for employment compensation are exempt from the shorter prescriptive period and are subject to ten year prescription. However, all of those cases were decided before art. 3494(1) was enacted in 1983, thereby repealing by implication prior articles 3534 and 3538. See Act 173 of 1983.
Art. 3494 expresses distinct exceptions to the general rule that personal actions prescribe in ten years. Art. 3494(1) specifically relates to claims for compensation for services rendered.
We believe plaintiff's claim is a claim which falls within the purview of art. 3494(1). The fact that plaintiff tries to frame her claim in terms of contract does not effect the prescriptive period. In Starns v. Emmons, supra, at 278 the Supreme Court, while reviewing a claim for rent arrearages, explained:
Starns argues that the inclusion of a demand for rent arrearages in a petition alleging breach of contract does not give the suit the character of an action to recover rent. Instead, he urges that the applicable prescriptive periods depend on the nature of the action as a whole, arguing that because the entire action sounds in contract, the ten year period of article *726 3499, not the three year prescription of article 3494, should apply.
Such a rationale, however, cannot stand, because it renders article 3494 useless. All of the actions covered by the provisions of that article essentially arise from contractual relationships. Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years. (footnote excluded)
In the instant case, plaintiff is seeking compensation, either in the form of corporate stock or cash, for commissions earned in her sales job or for services rendered as a corporate officer. Thus, we find the trial court's ruling that the claim is subject to a three year prescriptive period pursuant to C.C. art. 3494(1) correct.
That fact notwithstanding, we find the trial court erred in granting the exception of prescription. Plaintiff's assertion in her petition that defendant acknowledged the debt by a promise to issue stock "at the time of renegotiation and on many occasions subsequent thereto" is sufficient to defeat an exception of prescription where, as here, no evidence was offered to contradict the assertion.
"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." C.C. art 3464.
That portion of the judgment which grants the exception of prescription and dismisses plaintiff's claim for sales commissions for the years 1979 through 1983 is reversed.

LACK OF SUBJECT MATTER JURISDICTION
Defendant's exception of lack of subject matter jurisdiction relates to that portion of plaintiff's petition which alleges that she was denied the right to purchase her company vehicle upon termination of employment. Defendant argues that claim is pre-empted by the Employee Retirement Income Security Act (ERISA) 29 U.S.C.A. § 1001 et seq. Defendant reasons that the promise to allow plaintiff to purchase the car upon separation from her employment is, in effect, part of a severance pay agreement and, therefore, exclusively within federal jurisdiction pursuant to ERISA. In support of that argument, defendant cites 29 U.S.C.A. § 1132(e)(1) which provides:
Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
Plaintiff argues that her claims fall within the exception to jurisdiction provided for by 29 U.S.C.A. § 1132(a)(1)(B) which reads as follows:
A civil action may be brought
(1) by a participant or beneficiary
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
Plaintiff asserts that the option to purchase her car would have been of economic benefit to her and further was part of an unwritten employment agreement which existed between plaintiff and defendant.
Defendant counters that argument by asserting that since the Company Policies and Procedure Manual does not mention severance pay, plaintiff may not assert that she is suing to enforce her rights under the terms of the plan. Therefore, defendant reasons, her claim does not come under the exception provided for in 29 U.S.C.A. § 1132(a)(1)(B).
The district court found exclusive jurisdiction with the federal court and maintained the exception of no subject matter jurisdiction.
It is well established that in order for the federal courts to have jurisdiction the case must "arise under" federal law. *727 28 U.S.C. § 1331(a). A claim "arises under" federal law only if "(a) right or immunity created by the Constitution or laws of the United States (is) an element, and an essential one of the plaintiff's cause of action." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983) quoting Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); New Jersey State AFCIO v. State of N.J., 747 F.2d 891 (3rd Cir.1984).
Federal jurisdiction is determined solely from the face of plaintiff's complaint. Gully v. First National Bank, supra; Michigan Sav. & Loan League v. Francis, 683 F.2d 957 (6th Cir.1982).
Here the complaint alleges that an agreement existed between plaintiff and defendant that would allow plaintiff to purchase her company car upon termination of employment. It is defendant, not the plaintiff, who interprets this claim as an action for severance pay pursuant to ERISA. Defendant's assertion amounts to a defense of federal pre-emption based on ERISA. No claim was made by plaintiff which would invoke federal jurisdiction.
We must look to the character of the original assertion, not the character of the defense in answer to that assertion to determine whether there is a federal jurisdiction question. See Public Service Commission v. Wycoff, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Federal defenses may not be treated as part of the complaint for purposes of determining whether the claim arises under federal law. Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); New Jersey State AFL-CIO v. State of N.J., supra.
Here the plaintiff does not assert that this is a claim for severance pay rightfully due pursuant to an employee benefit plan established under ERISA. Nor does she invoke federal jurisdiction. The pre-emptive defense used by defendant is insufficient to present a federal jurisdiction question. Therefore, we reverse that portion of the judgment which maintains defendant's exception of lack of subject matter jurisdiction.

NO CAUSE OF ACTION
This exception was taken in response to plaintiff's claim that she was denied sick leave. Defendant argued below that there is no existing statutory authority to mandate payment for unused sick leave nor is such payment authorized by the company's employee manual. At the hearing the court was provided with a copy of the manual which states that sick leave cannot be accumulated from year to year. Plaintiff correctly asserted that any discussion of the employee manual, as it relates to the exception of no cause of action, would be improper.
LSA C.C.P. article 931 prohibits the introduction of evidence at any time to support or controvert the objection that the petition fails to state a cause of action. The exception is triable solely on the face of the petition. Succession of Ziifle, 441 So.2d 266 (La.App. 5th Cir.1983).
Plaintiff's petition asserts that she was denied sick leave during an illness. She further asserted that the apportionment of sick leave by the Company was done on a sex-biased basis. Plaintiff's assertions state a cause of action for which relief can be granted. Consequently, the exception of no cause of action was erroneously maintained and that part of the judgment is reversed.
For the foregoing reasons, the trial court's judgment is reversed and the matter remanded for further proceedings not inconsistent with this opinion. All costs of this appeal are assessed to defendant/appellee.
REVERSED AND REMANDED.