WICKER, Judge.
Charles J. O’Boyle and Karen O’Boyle, plaintiffs/appellants, have taken an appeal from a judgment in favor of the defendants/appellees, Jaylia Beard, wife of/and Milton Beard dismissing the Boyle’s petition as against the Beards by maintaining the exception of prescription. We affirm.
The Boyles filed suit against the Beards and the following other defendants: Richard Promersberger d/b/a HMA Home Inspection Service, Gertrude Gardner Realtors, Inc., Wagner and Truax Better Homes and Gardens Realtors, and their liability and errors *670 and omissions insurers. Suit was filed January 21, 1992. It is styled as a suit in quanti minoris and damages.
The plaintiffs alleged that on January 30, 1987 they purchased the Beards’ house. They further alleged that on February 26, 1987 the ceiling collapsed following a rainstorm and that the first time they used the air conditioner it did not work.
The plaintiffs/appellants do not argue that the one year prescriptive period for redhibition has not tolled. Instead they argue that this is an action in fraud and as such has a five-year prescriptive period. They rely on the case of Kearney v. Maloney, 296 So.2d 865 (La.App. 4th Cir.1974).
It is clear that on the face of the pleadings the action in redhibition has prescribed since suit was filed almost five years from the discovery of the alleged defects. When it is evident from the face of the pleadings that an action has prescribed the plaintiff bears the burden of proving it has not. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
At the hearing on the exception the plaintiffs introduced no evidence or testimony. They relied on the allegations in the petition which they state constitute fraud. These allegations are as follows:
2.
The contract to sell which was signed by the Beards stated that “The roof of the main structure shall be free of leaks.” And that “the heating, cooling, electrical, and plumbing systems will be in working order at act of sale.”
⅜ * ⅜ * ⅜ ⅜
11.
Dr. O’Boyle retained a roofing contractor to inspect the damage. Together they found 30-40 leaks in the roof which the Beards had attempted to patch with silver duct tape, which was plainly visible to anyone in the attic. Dr. O’Boyle also noted the presence of numerous cooking pots, which the Beards had placed around the attic under many of the leaks.
12.
Because it was the “rainy season” the roofer was unable to make the repairs immediately. For more than two months the O’Boyles were forced to keep buckets in their hall, bedroom, living room and attic to prevent further damage. During this time, as the leaking continued, the water revealed areas of the ceiling in the living room and master bedroom which had been freshly patched by the Beards.
13.
During the year prior to the sale, the Beards had listed the house with Gertrude Gardner who had managed and maintained the property, and had shown it repeatedly to prospective buyers, and whose agents were well aware of the property condition at the time of the sale to the O’Boyles. Mr. Booksh’s behavior indicated that he too was well aware of the property condition prior to the sale, that he attempted to conceal it, and that he directed the O’Boyles to Promersberger with whom Mr. Booksh arranged that the house would pass inspection. Promersberger’s intentional failure to note obvious defects and problems as well as his deliberately deceptive wording of the inspection report indicate that he intended to defraud the O’Boyles in order that the sale would go through and the real estate agents would get their commissions. Gertrude Gardner’s receipt of the policy premium and its failure to issue the policy is an additional fradulent [sic] action.
In them prayer the plaintiffs seek the following remedy:
quanti minoris and damages in an amount to be determined by this court along with court costs, attorney’s fees, judicial interest from date of judicial demand, statutory penalties, and all other relief, legal or equitable to which they may be entitled.
In Kearney, supra, the case relied on by the appellants, an exception of prescription which had been maintained as it applied to the seller of the house was reversed by the Fourth Circuit. In that case there were allegations the seller had misrepresented and withheld information. The buyers/plaintiffs *671 in Kearney, supra, filed suit more than one year from the discovery of the alleged defects. They argued as do the plaintiffs herein that the five-year prescriptive period for fraud exempts them from the one-year redhi-bition prescriptive period. The buyers/plaintiffs in Kearney pointed out that the prescriptive period for rescission of a contract based on fraud is five years under La.C.C. art. 3542. La.Civ.Code Article 3542 was amended in 1980 and then repealed and reenacted effective 1984 as La.Civ.Code art. 3497. Former La.Civ.Code art. 3542 relied upon in Kearney provided:
The following actions are prescribed by five years. That for the nullity or recession of contracts, testaments or other acts.
That for the reduction of excessive donations.
That for the rescission of partitions and guarantee of the portions.
This prescription only commences against minors after their majority.
The more recent article 3497 provides:
The following actions are subject to a liber-ative prescription of five years:
An action for annulment of a testament; An action for the reduction of an excessive donation, and
An action for the rescission of a partition and warranty of portions.
This prescription is suspended in favor of minors, during minority.
We note the action for nullity or rescission of a contract is not included in the new article. That prescriptive period is now addressed in La.Civ.Code art. 2032. La.Civ. Code art. 2032 provides in pertinent part:
Action for annulment of an absolutely null contract does not prescribe.
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the ease of error or fraud ...
The threshold issue in the present ease is whether the Boyles’ claim is founded in red-hibition or whether it is founded on an action for nullity based on fraud. “The character of an action disclosed in a pleading determines the prescriptive period applicable to that action.” [citations omitted]. Wonycott v. Southern Business Machines, 595 So.2d 723, 725 (La.App. 5th Cir.1992).
Our reading of the petition as a whole demonstrates the O’Boyles’ suit against the Beards is based upon redhibitory defects and the petition asks solely for “quanti minoris and damages.” The O’Boyles do not seek rescission of the contract on the basis of fraudulent misrepresentation.
In the case of Kearney, supra the plaintiffs/buyers sought a rescission of the contract. The trial judge correctly characterized the present action as an action in quanti minoris. La.Civ.Code art. 2544 provides:
The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action.
Therefore, the one-year prescriptive period for redhibition applies. La.Civ.Code art. 2534.
Accordingly, for the reasons stated, the judgment granting the exception of prescription filed by defendants, Jaylia and Milton Beard and dismissing the claims of Charles J. O’Boyle and Karen O’Boyle against these defendants is affirmed at appellants’ cost.

AFFIRMED.