| iLABORDE, Judge.
Plaintiff school bus drivers filed suit claiming they are owed additional sums for time spent on the job notwithstanding the express terms of their employment contracts which offered a flat salary exceeding minimum wages for their bus driving obligations. The trial judge ruled in their favor. We reverse the judgment finding plaintiffs entitled to additional salary for their responsibilities covered by their bus driving contracts.
Facts
To transport children to school, the St. Landry Parish School Board (School Board) utilizes two types of bus drivers, those that *735 own the buses they drive (“contract drivers”), and those who are employed by the School Board to drive buses owned and maintained by the School Board at its expense. This proceeding arises in |2⅛6 context of the latter, two individuals who have been driving school buses owned by the local School Board since late August 1972.
Employment contracts signed by the two plaintiffs required them to drive buses in exchange for payment of the minimum state salary plus a local supplement. Additionally, one of the two plaintiffs accepted the School Board’s verbal offer to occasionally assist the principal of one of the schools on his route in exchange for an additional $900 per school year (180 days). On October 12, 1990, both filed suit against the School Board seeking additional compensation for their many years of service because, unlike most but not all of their peers, they were assigned additional mid-day driving responsibilities for which they believe additional compensation is due.
Finding it incongruous that plaintiffs would receive the same salary as other bus drivers who drive fewer routes or for shorter periods of time, the trial court, moved by sentiments of “fairness” and “equity,” awarded plaintiffs additional compensation. On appeal, the School Board contends that the trial court’s judgment improperly ignores the terms of a valid and binding contract and, in the process, impermissibly tramples upon its broad authority to administer the school system within its parish. Plaintiffs, answering defendant’s appeal, seek additional damages and reversal of the trial court’s holding that three year liberative prescription is applicable.
At the outset, we observe that plaintiffs do not complain that in connection with their driving responsibilities, they were not paid their statutory minimum wage,[1] nor that they were paid less than their contractually fixed salaries. Instead, plaintiffs |3maintain that they are entitled to additional compensation for the time that they devote to their job vis a vis other similarly classified employees.
The courts of this state are not authorized to review otherwise valid contracts to determine whether they conform to judicial notions of “morals, moral conduct and public order.” Schiffman, 808 So.2d at 827.[2] Civil Code article 7 provides: “Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity.” Civil Code article 1968 provides: “The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.” Civil Code article 2030 provides, in pertinent part: “A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral.” None of these provisions grants judges the prerogative to disregard public policy decisions underlying legislation or to reweigh balances of interests and policy considerations already struck by the legislature.
Daigle v. Clemco Industries, 613 So.2d 619, 624 (La.1993).
Bus Driving and Related Responsibilities
Applying these principles, we reverse the trial court’s resort to equity under the circumstances. The labors expected of plaintiffs were contemplated by the contracts. Defendant never agreed to pay plaintiffs by the trip or by the hour. To the contrary, each of the school bus drivers, including plaintiffs, agreed to exchange their bus driving services for a flat salary.
We feel that the words of the contract construed under the surrounding circumstances are clear and explicit and lead to no absurd consequences. Thus, under Code Article 2056 no further interpretation may be made in search of the parties’ intent. Adams v. Adams, 503 So.2d 1052 (La.App. 2d Cir.1987). Where a contract is clear and unambiguous the letter should *736 not be disregarded under the pretext of pursuing its spirit. Maloney v. Oak Builders Inc., 256 La. 85, 235 So.2d 386 (1970).
Franklin v. Ram, Inc., 576 So.2d 546, 550 (La.App. 2d Cir.1991).
Payment of a salary is a fixed compensation for services rendered during a certain period of time, be it a week, month or year, and depends on the time and not Uthe services rendered. Brasher v. Chenille, Inc., 251 So.2d 824, 827 (La.App. 3 Cir.1971).
Plaintiffs agreed to drive school buses 180 days of the year for a fixed salary, not for hourly wages, and the School Board has honored its end of the bargain for twenty years. The contracts for employee-bus drivers included salaries which exceeded those mandated by law. Supra, note 1. They are therefore enforceable as written.
Similarly, we know of no law which requires an employer to pay its workers by the hour or by the job, which requires an employer to abide by the wishes of a handful of employees in determining by which unit of measure all will be compensated, or which requires compensation over and above the minimum legal salaries in exchange for an honest day’s work. The School Board has never adopted such a pay policy. Cf. Knecht v. Bd. of Trustees for State Col, 591 So.2d 690 (La.1991). See also Pub. Emp. Council 17 v. City of Lk. Charles, 567 So.2d 1185, 1187 (La.App. 3d Cir.1990), writ denied, 572 So.2d 62 (La.1991).
The contract being clear and well within the limits of public policy, the trial court erred in sympathetically reaching plaintiffs equitable pleas to the detriment of the School Board and the citizens it represents.
Prescription
Finally, at plaintiffs behest, we address the question of whether ten year liber-ative prescription rather than three year prescription was applicable. Because the only valid claim for which plaintiffs seek recompense sounds in compensation arrearages, and not in contract, we affirm the trial judge’s holding that three year liberative prescription is applicable. See LSA-CC 3494(1); Wonycott v. Southern Business Machines, 595 So.2d 723, 725 (La.App. 5th Cir.1992).
IsDecree
Plaintiffs are entitled to no more than their contractual salary for all of their bus driving obligations, including the extra route driven by each. Costs assessed to plaintiffs-appel-lees.
REVERSED AND RENDERED.
THIBODEAUX, J., dissents and assigns written reasons.

. Federal minimum wage guidelines also protect state and government employees. See Sanchez v. City of New Orleans, 538 So.2d 709, 710 (La.App. 4th Cir.), writ denied, 542 So.2d 1390 (La.1989) and cites therein.

. Schiffman v. Service Truck Lines, Inc., 308 So.2d 824 (La.App. 4 Cir.1974).