526 So.2d 462 (1988)
John E. JONES
v.
CITY PARISH OF EAST BATON ROUGE.
No. CA 87-0158.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
On Rehearing June 24, 1988.
*464 Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellant John E. Jones.
James M. Ross, Baton Rouge, for defendant-appellee City Parish of Baton Rouge.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a judgment dismissing his claim, plaintiff appeals. We reverse.
During the calendar years 1982, 1983, and 1984, the Baton Rouge Department of Public Works had a policy whereby compensatory time was given to supervisory employees who worked more than forty hours in a week. The employees were allowed one hour compensatory time for each hour over forty hours worked in a week. Employees were allowed to accumulate compensatory time without limit. In fact it was a common occurrence for supervisory employees to retire early by using their compensatory time.
On July 30, 1985, by directive from the Department of Public Works, following a policy established by the mayor, a new policy was announced. Effective August 1, 1985, compensatory time would be limited to 360 hours (or 45 days) per year, and everything in excess of that would be erased from the employee's record. As ofAugust 1, plaintiff had accumulated 867 hours of compensatory time, and so 507 hours were erased from his record.
Protesting this policy, plaintiff filed a grievance with the personnel department, which was denied. In September 1985, he applied for retirement.[*] In November he filed this suit, seeking reinstatement of his compensatory time, and/or damages, claiming that this action was arbitrary and capricious and deprived him of his property without due process of law.
The City filed an exception of prescription in this court. An exception of prescription may be filed for the first time on appeal. See LSA-C.C.P. art. 2163. Plaintiff filed this suit in November of 1985. Characterizing this claim as one for wages, the City argued that plaintiff's claim as to all compensatory time accrued before June 1, 1982, was barred by the three-year prescriptive period of article 3494 of the Civil Code. The claim plaintiff makes, however, could not possibly have accrued until July 30, 1985, when the memo announced the new policy. Plaintiff's suit, filed only four months later, was timely. The exception of prescription is overruled.
Plaintiff's sole assignment of error is that the court erred by not finding that he had been deprived of a constitutionally protected property right in his compensatory time that had accrued before the new policy was announced. To have a property right in a benefit, one must have more than an abstract need or desire, or unilateral expectation of it. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Whether plaintiff has a property right is determined by state law. Logan v. Zimmerman Brush Co., 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). By its long standing policy of allowing unlimited accrual of compensatory time, along with allowing early retirement based thereon, the City gave plaintiff the right to expect just that treatment. Plaintiff clearly had more than an abstract need or desire, or a unilateral expectation of being allowed to take his accrued compensatory time before *465 retirement. The department's compensatory time policy, though unwritten, was well known and routinely followed. It constituted a legally protectable tacit contract with the employees subject to it. LSA-C. C. art. 1942. Thus plaintiff had a property right in his compensatory time accrued under the policy which allowed for unlimited accrual.
As pointed out by the court in Jackson v. Department of Public Safety, 675 F.Supp. 1025 (M.D.La.1986), plaintiff's claim is one of substantive due process. There is no procedural process that could prevent his loss of compensatory time. It is the system itself with its policy that erases compensatory leave already accrued, not any arbitrary enforcement of it, that brings about plaintiff's claim. By its retroactive abolition of accrued compensatory time, the City has denied plaintiff's right to retire effective at a future date computed by adding his accrued compensatory time to his years of service in violation of the fourteenth amendment's guarantee of due process. Parrish v. City of Baton Rouge, No. 80-170-A (M.D.La. June 30, 1982).
The new policy allowed for accrual of compensatory time at the rate of one and one-half hours for each hour of overtime worked up to a maximum accrual of 360 hours. Based on this policy, plaintiff claims he should be paid at time and a half for his 507 hours of compensatory time. Plaintiff cannot, however, take the best of both policies. His compensatory time was accrued under the old policy, and it is the old policy's hour for hour system which determines plaintiff's recovery.
Plaintiff is entitled to recover the 507 hours he was wrongfully denied. Because plaintiff has already retired, he cannot use his accrued compensatory time. Therefore the City is ordered to pay him for 507 hours at $17.58 per hour, his hourly wage at the time of his retirement. All costs of this appeal, $552.95, are to be borne by the City.
REVERSED AND RENDERED.
ON REHEARING
We granted this rehearing for the purpose of amending our original opinion to include legal interest from the date of judicial demand until paid.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[*] Plaintiff's effective retirement date was April 10, 1987. At the time of trial he was on terminal leave.