GAUDIN, Judge.
Does the filing of a declaratory judgment suit interrupt the running of the three-year prescriptive period of LSA-C.C. art. 3494? A trial judge in the 24th Judicial District Court said it does not. We affirm.
*756 Appellants are police officers of the City of Westwego, seeking back pay, benefits and monetary damages. On December 18, 1984, they filed for a declaratory judgment in an attempt to find out if LSA-R.S. 33:2214 applied to the City of Westwego.
The case was heard in the district court on December 5, 1985. Declaratory judgment was rendered on January 5, 1987, stating that the statute was applicable.
In 1986, meanwhile, after trial but before the declaratory judgment was handed down, the Louisiana Legislature amended R.S. 33:2214. The City of Westwego was specifically excluded from the statute’s provisions.
On January 4, 1990 appellants filed the instant suit asking for back pay, etc. from the period between January 1, 1980 and the 1986 amendment to R.S. 33:2214. This filing was moré than three years from the 1986 amendment excluding Westwego.
A declaratory judgment suit does not encompass monetary relief within its scope. The purpose of such an action is to establish rights of the parties or to obtain an opinion of the court on a question of law without ordering anything to be done. See State, etc. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir.1985), and LSA-C.C. P. arts. 1871 to 1883.
We are unaware of any Louisiana opinion saying that the filing of a declaratory judgment petition interrupts the three-year prescriptive period of Art. 3494, which reads, in pertinent part:
“The following actions are subject to a liberative prescription of three years:
“An action for recovery of compensation for services rendered, including payment of salaries, wages, commissions ...”
The instant petition falls within this wording and is subject to the three-year prescriptive period. We cannot say the trial judge erred in granting the exception of prescription and dismissing plaintiffs’ suit.
Appellants contend that until January 5, 1987, when the declaratory judgment was signed, they had no procedural right to filé for benefits under R.S. 33:2214. This is incorrect.
AFFIRMED.