592 So.2d 390 (1992)
Julian E. MONTIVILLE, et al.
v.
CITY OF WESTWEGO, et al.
No. 91-C-1580.
Supreme Court of Louisiana.
January 17, 1992.
Catherine J. Soutullo, for applicant.
John Jackson Molaison, Jr., Molaison & LeBlanc, for respondent.
Nancy Picard, Louis L. Robein, Jr., for amicus curiae Westwego Police Ass'n.
WATSON, Justice.
The plaintiff police officers previously filed a declaratory judgment suit against these defendants. A judgment declared that the City of Westwego was compelled to pay plaintiffs overtime, sick leave and annual leave under LSA-R.S. 33:2211 et seq.. The issue is whether the declaratory judgment suit interrupted prescription on this suit to collect the compensation.
Plaintiffs, Julian E. Montiville and seven other police officers in the City of Westwego, filed this suit on January 4, 1990. They sought payment for overtime, sick leave and annual leave, plus damages for nonpayment. The City, its elected officials and its police chief were named as defendants. Defendants filed an exception of prescription which the trial court sustained. The court of appeal affirmed. Montiville v. City of Westwego, 581 So.2d 755 (La.App. 5th Cir.1991). A writ was granted to determine whether prescription had been interrupted. 586 So.2d 546 (La.1991).
*391 On December 18, 1984, the present plaintiffs and five other police officers filed a petition for declaratory judgment to determine whether LSA-R.S. 33:2211 et seq., which mandates payment to police officers for overtime, sick leave and annual leave, applied to Westwego. On January 5, 1987, a judgment declared that the City was compelled to comply with LSA-R.S. 33:2211 et seq. The City failed to comply with the statutory mandates. Within three years of the judgment, plaintiffs filed this suit.
A suit seeking compensation for services rendered, including salaries, wages, commissions, fees and emoluments of public officials, is subject to a liberative prescription of three years. LSA-C.C. art. 3494. Prescription begins to run from the day payment is exigible. LSA-C.C. art. 3495. The petition for declaratory judgment was filed within the three year prescriptive period.
Under Louisiana Civil Code article 3462, prescription is interrupted when an obligee commences action against an obligor in a court of competent jurisdiction and venue. The interruption continues as long as the suit is pending and begins to run anew from the last day of the interruption. LSA-C.C. arts. 3463 and 3466; Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983).
Prescription statutes protect defendants against the evidentiary prejudice of defending stale claims. Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La. 1985). Notice to a defendant of legal proceedings on a claim interrupts prescription. Parker v. Southern American Insurance Co., 590 So.2d 55 (La.1991); Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La. 1973).
A petition for declaratory judgment, like a petition for damages, must state the material facts of the occurrence that is the subject matter of the litigation. LSA-C.C.P. art. 891. Plaintiffs' petition for declaratory judgment sought a declaration of coverage, not a money judgment. However, the pleading presented a demand. LSA-C.C.P. art 421. A petition's cause of action is irrelevant to interruption of prescription. Batson v. Cherokee Beach and Campgrounds, 530 So.2d 1128 (La.1988).
Plaintiffs' 1984 petition for declaratory judgment claimed entitlement to benefits under LSA-R.S. 33:2211 et seq. Both that suit and this suit involve the City's contractual responsibility under those statutes. See Knecht v. The Board of Trustees for State Colleges and Universities and Northwestern State University, 591 So.2d 690 (La.1991). The prior petition notified the City that it might be liable to the police officers under the statutes. Liability was confirmed by the declaratory judgment, which declared the City subject to the statutes. This proceeding seeks the further relief of a money judgment. LSA-C.C.P. art. 1878.
The petition for declaratory judgment interrupted prescription because the plaintiffs commenced "action against the obligor" as required by Louisiana Civil Code article 3462. A new three year prescriptive period ran from the date of the declaratory judgment. This suit was timely filed within that period.
After trial of the declaratory judgment suit, Act 671 of 1986 amended LSA-R.S. 33:2214 to exclude the City. It is alleged that the constitutionality of Act 671 of 1986 is being challenged in a separate suit. However, the amendment does not affect the rights vested in plaintiffs prior to its effective date.
For the foregoing reasons, the exception of prescription is overruled. The judgment of the court of appeal is reversed, and the case is remanded for trial on the merits.
REVERSED AND REMANDED.