ON REHEARING
PLOTKIN, Judge,
voting to grant rehearing with written reasons:
Because I believe on reconsideration that granting the default judgment was inappropriate under the circumstances, I would grant the defendant’s motion for rehearing.
The plaintiff in this case filed a petition for a declaratory judgment and a concur-sus. Incidental to this action was a request for damages occasioned by the defendants’ failure to timely produce the note. In our original opinion, we found that the plaintiff’s cause of action against the individual defendant who was cast in judgment by default was simply a cause of action for damages, making the default judgment appropriate.
However, Louisiana law clearly prohibits the awarding of damages in a declaratory judgment action, which is designed merely to establish the rights of the parties or to obtain an opinion from the court on a question of law.
Montiville v. City of Westwego, 581 So.2d 755, 756 (La.App. 5th Cir.1991). Since this is a declaratory judgment action and the plaintiff would not be entitled to recover damages in a declaratory judgment action against any of the defendants, damages may not be awarded by default.
Additionally, the plaintiff did not establish a prima facie case against Gilmore because he did not establish that the failure to produce the note was caused by any improper action on Gilmore’s part. In order to prove entitlement to damages for a tortious action in Louisiana, the plaintiff must show four things: (1) the existence of a duty flowing from the defendant to the plaintiff, (2) a breach of that duty, (3) damages, and (4) causation. In the instant case, the plaintiff failed to show either that Gilmore had breached any duty to him or that Gilmore’s actions had caused his alleged damages. Thus, the default judgment was improper, even if the plaintiff could have been awarded damages in a declaratory judgment action.
Kaplan named three defendants in this case. One of those defendants lost or misplaced the note, making it impossible for Kaplan to pay off the note. That defendant should be held liable to Kaplan for his damages. However, until a court has determined which of the three defendants is responsible for the damages, no judgment may properly be awarded.
*326 For the above and foregoing reasons, I would vote to grant rehearing and would reverse the trial court judgment granting the default judgment against Gilmore.