PITCHER, Judge.
This is an appeal from a trial court judgment sustaining a peremptory exception raising the objection of prescription.
BACKGROUND
According to the petition, on June 15, 1981, petitioners, Stanford Latter and Robert L. Yuspeh, submitted a bid for leasing the 13,000 square feet of their property at 2025 Canal Street, New Orleans, Louisiana, to the State of Louisiana, Department of Health and Human Resources, Office of Family Security. Subsequent thereto, petitioners were notified on August 17, 1981, that their bid had been accepted, were requested to execute the lease, and were informed that the bid would be forwarded to the Assistant Commissioner of the Division of Administration for approval.
On September 1, 1981, petitioners and R.P. Guissinger, Secretary of the Department of Health and Human Resources, executed the lease of the Canal Street property. The lease provided for a term of five years commencing on November 1, 1981, and ending on October 31, 1986. The consideration of the lease was the payment of $552,499.80, payable in sixty equal installments of $9,208.33 each. The first installment under the lease was due on November 1, 1981, and the remaining installments were due on the first day of each month thereafter.[1] The lease also provided that the lessee would pay for all public utilities such as gas, water, and electricity. On April 13, 1982, the Division of Administration approved the lease, and occupancy of the leased premises began on July 15, 1982.
FACTS
On November 18,1985, petitioners filed a suit for declaration judgment, “declaring the State of Louisiana to pay Seventy Three Thousand Six Hundred Sixty-Six and 64/100 Dollars ($73,666.64) for past due rentals and Eight Thousand One Hundred Eighty-Nine and 58/100 Dollars ($8,189.58) *1161 for utilities petitioners paid on behalf of defendant between November 1, 1981, and July 15, 1982.” [2] The State of Louisiana answered the petition, denying the allegations set forth therein and alleged that petitioners’ action for past due rent had prescribed by the passage of three years and that petitioners’ action for wrongful or intentional acts or abuse of right had prescribed by the passage of one year. Petitioners subsequently amended their petition on May 19, 1990.
On June 29, 1990, the State reurged the peremptory exception raising the objection of prescription. After a hearing, the trial court sustained the State’s peremptory exception raising prejudice.
From this adverse judgment, petitioners appeal, assigning as error the trial court’s sustaining of the objection of prescription. Petitioners argue that prescription does not commence to run until the end of the lease term and that, if prescription commenced to run prior to the end of the lease term, then the rental payments from July 15, 1982, through October 31, 1986, suspended or interrupted the running of prescription as to the unpaid amounts.
PRESCRIPTION
Although petitioners filed a petition for declaratory judgment as opposed to a petition for damages, the allegations of the petition determine the true nature of the action and the applicable prescriptive period. Starns v. Emmons, 538 So.2d 275, 277 (La.1989); Hampton v. Hibernia National Bank, 598 So.2d 502, 503 (La.App. 2nd Cir.1992); Arceneaux v. Courtney, 448 So.2d 197, 198 (La.App. 1st Cir.1984). The petition filed by petitioners clearly requests payment for past due rentals.
LSA-C.C. article 3494(2) provides that an action for arrearage of rent is subject to liberative prescription of three years. LSA-C.C. art. 3495 provides that prescription begins to run from the day payment is exigible. See Montiville v. City of Westwego, 592 So.2d 390, 391 (La.1992).
Petitioners argue that prescription did not begin to run until the end of the lease term. However, LSA-C.C. art. 1807 provides that an obligation is “conjunctive” when it binds the obligor to multiple items of performance that may be separately rendered or enforced. In such case, each item is regarded as the object of a separate obligation. See Gardiner v. Montegut, 175 So. 120, 122 (La.App.Orleans, 1937). The parties may provide that the failure of the obligor to perform one or more items shall allow the obligee to demand the immediate performance of all the remaining items. Comment (b) to LSA-C.C. art. 1807 provides that when a sum is owed in installments or rent is paid periodically, the running of prescription starts separately for each installment or rental payment in the absence of an acceleration clause.
In the instant case, the State was to pay a lump sum of $555,499.50 for the occupancy of petitioners’ premises. This amount was divided into sixty (60) equal installments of $9,208.33 plus utilities. The lease provided that “the first installment [was] due and payable on the first day of November, 1981, and the remaining installments [were] due and payable, respectively, on the 1st day of each month thereafter.” Additionally, there was no acceleration clause.
Therefore, the obligation was conjunctive, and each installment was a separate obligation. Prescription began to run separately for each installment as it became due. Accordingly, the past due rents from November 1, 1981 through July 15, 1982, had all prescribed by the time petitioners filed the instant suit on November 18, 1985.
*1162 CONCLUSION
For the reasons set forth above, the judgment of the trial court sustaining the State’s exception raising the objection of prescription is affirmed. Costs of this appeal are assessed against petitioners.
AFFIRMED.

. The lease also provided as follows:
[I]n the event occupancy by Lessee occurs subsequent to the first rental payment date Lessor waives any rights to rental payments for a period of thirty (30) days after Lessee actually occupies the leased premises.
Should the Lessee be unable to obtain possession of the leased premises within sixty (60) days after Division of Administration approval of the lease, whether or not said delay is caused by the Lessor, the Lessee shall be entitled to the remission of rent for such term during which the Lessee is deprived of possession, and to reimbursement for any damages which the Lessee may suffer as a result of said deprivation of possession. In addition, should the Lessee be deprived of possession of the leased premises for a period of more than sixty (60) days, then this lease may be can-celled at the option of the Lessee.

. Thereafter, the State of Louisiana filed a dilatory exception pleading the objection of prematurity on the grounds that petitioners failed to exhaust their administrative remedies under the Louisiana Procurement Code, as set forth in LSA-R.S. 39:1673. By judgment, dated May 7, 1986, the State’s exception pleading the objection of prematurity was overruled.
The State of Louisiana also filed a peremptory exception raising the objection of no cause of action. By judgment dated September 10, 1986, the trial court overruled the State's exception raising the objection of no cause of action.