Dear Chief Clark:
We are in receipt of your request for an Attorney General's opinion regarding an employees accumulated overtime leave. Specifically, you have asked whether an incoming sheriff has the legal authority to cancel overtime leave accumulated by employees who worked for the previous sheriff and will work for the new sheriff.
In August of 1992, the employees of the DeSoto Parish Law Enforcement and Detention Center were offered a "Compensatory Time Pay Plan" in lieu of cash overtime pay under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(k). The agreement, if signed by the employee, provided for the payment of compensatory time at the rate of one hour and a half of comp-time for every hour worked over 86 hours in a two-week period, with a maximum accumulation of 480 hours if assigned to patrol and 240 hours if an administrative employee.
When an employer promises a benefit to employees, and employees accept, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit. Knecht v. Bd. of Trustees For State Col., 591 So.2d 690, 695
(La. 1991). This rule has been applied to the governmental employer in the same manner as applied to the private employer. Gilman v. County of Chesire, 493 A.2d 485 (1985); Bellomini v. State Employees' Retirement Board of Pa., 445 A.2d 737 (1982). The Louisiana First Circuit Court of Appeal, in the case of Jones v. City Parish of East Baton Rouge, 526 So.2d 462 (La.App. 1 Cir. 1988), found that a governmental employer's policy of granting paid leave for overtime, if well-known and routinely followed, constituted a legally enforceable contract with the employees subject to the contract.
Therefore, it is our opinion that under basic contract principles and the Fair Labor Standards Act, the employees of the DeSoto Parish Law Enforcement and Detention Center are entitled to the use or payment of their earned compensatory time, in accordance with law. We recognize that the new sheriff may enter into a new agreement with the employees to make prospective changes in the compensatory leave policy; however, the new sheriff may not take any retroactive action that would interfere with the employees contract for compensatory leave under the present sheriff.
If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL/pb/0215s