jjjLeBLANC, Judge.
Jerry L. Finley appeals the decision of the State Civil Service Commission, crediting him with a balance of 129 hours and 25 minutes of compensatory leave.
FACTS
Finley was employed by the Department of Transportation and Development, Legal Section, in November 1980, as an attorney. It was explained to him that because of the nature of the practice of law and the volume of work, attorneys with the Legal Section of the Department were allowed, in variance with standard Civil Service Rules, to utilize the “latitude” system for handling overtime. This unwritten, informal system provided for one hour of compensatory time for one hour of overtime worked, with records maintained by the attorneys. There was no limit to how much compensatory time could be accumulated; however, the heavy case loads limited the attorneys’ ability to use the earned compensatory time. Attorneys were not allowed to report the overtime on them payroll records, except overtime which was worked on a holiday.
The testimony at the hearings on this matter indicates that this “latitude” system was probably initiated by Philip K. Jones, former General Counsel for the Department of Highways.[1] This system was adopted and used by the subsequent General Counsel/Section Head for the Legal Section for the Department, Norman L. Sisson. Numerous individuals testified that the “latitude” system was well known and routinely utilized within the Legal Section.
In contrast, Civil Service Rules provide that a maximum of 360 hours, or 45 days, of compensatory time may be carried forward from one year to the next, rather than the unlimited accrual allowed under the “latitude” system. In addition, the Department had officially adopted a department policy concerning overtime, the Policy and Procedure Memorandum No. 12 (PPM-12), which included the 360 hour cap. PPM-12 was revised numerous times during the pertinent I gdates of this appeal. Of particular’ note, after January 1989, excess hours were not lost; rather, the employee would be paid at “straight time” for hours accrued over the 360 hour limit.
In response to his Service Rating Report for the period ending March 31, 1988, Finley sent a memorandum to his superiors within the Legal Section which included his claim of over 1000 compensatory hours earned since his employment in 1980.[2] Beginning on No *433 vember 14, 1988, attorneys were required to submit a Biweekly Activity and Attendance Report. Finley’s represented an incoming balance of 1,581 hours and 5 minutes of compensatory time.
On October 10, 1990, William W. Irwin, Deputy General Counsel of the Legal Section, requested all attorneys within the Legal Section submit any records they might have concerning their claim for accumulated compensatory time. Finley’s represented an accumulated balance of 1,370 hours and 45 minutes. The documents introduced at the hearings establish other attorneys within the Legal Section responded to this request, submitting varying amounts of earned compensatory time, ranging from 0 to 213.9 hours.
In December, 1990, a written request by Finley to use 24 of his accumulated compensatory hours was denied. In January, 1991, Norman Sisson, General Counsel, discontinued the “latitude” system and implemented an official compensatory time policy. Finley responded by requesting information as to the method attorneys should utilize to obtain time off or compensation for them unrecorded overtime hours. Again in April, 1991, Finley requested information regarding use of the unrecorded overtime hours.
In May, Finley was informed by memorandum from William Irwin that the Department would not recognize his overtime. Finley appealed to the Civil Service Commission. Finley requested compensation for 1,349 hours and 45 minutes of unrecorded overtime, earned before the “latitude” system was discontinued.
l4The Commission, after conducting hearings, issued a decision which allowed Finley to receive compensation for overtime in accordance with PPM-12, and ordered the Department to credit Finley with 129 hours and 25 minutes[3] compensatory leave time, retroactive to January 1,1991. Finley appeals the Commission’s decision, arguing a constitutionally protected property right in his accumulated uncompensated overtime.[4]
LAW AND DISCUSSION
To have a property right in a benefit, one must have more than an abstract need or desire, or unilateral expectation of it. Jones v. City Parish of East Baton Rouge, 526 So.2d 462, 464 (La.App. 1st Cir.1988). The testimony and evidence admitted at the hearings establishes that all attorneys within the Legal Section were informed of and allowed to utilize the system. By its long standing policy of utilizing the “latitude” system, which did not limit the accrual of overtime, the Legal Section of the Department gave Finley the right to expect he would be allowed to accumulate and receive compensatory time for all of his overtime hours. As we stated in Jones, 526 So.2d at 465:
The [section’s] compensatory time policy, though unwritten, was well known and routinely followed. It constituted a legally protectable tacit contract with the employees subject to it. Thus plaintiff had a property right in his compensatory time accrued under the policy which allowed for unlimited accrual. [Citations omitted.]
1 fiThe discontinuation of the “latitude” system and the refusal by the Department to recognize Finley’s previously accumulated overtime deprived him of a constitutionally protected property right. Finley is entitled to recover his earned compensatory time.
During the hearings, the Department never disputed the accuracy of Finley’s figures. In addition, Department documents were ad *434 mitted which conceded the probable correctness of the claimed hours. Therefore, based on the evidence, we reverse the decision of the Civil Service Commission and order the Department to credit Finley with 1,349 hours and 45 minutes of compensatory time, earned under the then prevailing “latitude” system.
As a prevailing party before the Commission and pursuant to Civil Service Rule 13.35, the Department is ordered to pay the amount of $500.00 to Finley as attorney’s fees. All costs of this appeal, in the amount of $1103.50, are to be paid by the Department.
REVERSED AND RENDERED.

. The Department of Highways was abolished and all powers and duties transferred to the Department of Transportation and Development in 1977.

. These figures, compiled by Finley, do not include any hours for the year 1984, as he was unable to locate his personal calendar which contained the information for that year. On *433 each subsequently submitted report or correspondence concerning compensatory time, the 1984 earned hours, and some additional unrecorded hours, are not included in Finley’s totals, but are noted by Finley.

. This amount was computed by the Commission using Finley's documents, by applying the 360 hour cap required by PPM-12, canceling any overtime hours earned in excess of the cap, and subtracting for any compensatory time used.

. Finley also makes additional assignments of error:
2) The action of the Department amounts to a breach of contract; 3) The actions of the General Counsel are binding upon the Department; 4) The Department investigated the "latitude” policy and found it to be within Civil Service Rules; and, 5) Finley's entitlement to attorney’s fees, as a prevailing party before the Commission.
However, we pretermit discussion of all but the last of these.