Dear Mr. Alexander:
Your opinion request to the Attorney General has been referred to me for research and response. Your request concerns the payment of annual leave benefits to retiring employees of Cameron Parish. The underlying facts causing the question involve changes in the parish's policy on payment of accumulated annual leave.
Your question is:
 "Are employees who were employed prior to these several changes in leave policy, beginning in 1988, entitled to receive the full amount of their annual leave accumulations or are they limited to the $3,000.00 limit imposed by a June 1, 1992 Police Jury Ordinance?"
The factual basis is as follows:
1. On February 1, 1977 the police jury enacted an ordinance regarding the use of annual leave and stating that "upon resignation, death, removal or other termination of employment of an unclassified employee," annual leave credited to his account shall be paid to him or his heirs and that said payment shall not exceed $1200.00.
2. On September 29, 1988 that ordinance was amended to delete the $1200.00 limitation. The language, "shall be paid to him or his heirs" was retained.
3. On July 2, 1990 Sec. 2.23 of the ordinances was amended by adding the language "except that such payment shall not exceed $3,000.00".
4. On June 1, 1992 Sec. 2-23 was again amended, retaining the $3,000.00 limit, and specifically referencing leave earned after June 1, 1992. The amended ordinance allowed the use of annual leave to enhance the employee's retirement pension.
All of the ordinances require that the annual leave be earned in accord with established leave regulations and that daily attendance records be maintained.
Initially we note that annual leave is a vacation benefit providing time off with pay for the employee while he is employed. There are also no limitations on the carryovers of annual leave by employees in the ordinances.
The legal principles applicable to your question are set out below:
Annual leave is a benefit provided by the employer and is part of the contract of employment between the employer and employee, see Knecht v. Bd. of Trustees, 591 So.2d 690, (La. 1991). The nature of the benefit is disclosed, defined, and limited by rule and statute and in this case, by the Parish ordinance. Once the benefit is earned it becomes a vested right in the employee. The benefit cannot be retroactively impaired or reduced by changing the rules under which it can be paid, Jones v. City Parish of East Baton Rouge, 526 So.2d 462 (La.App. 1 Cir. 1988.)
Applying these principles to your question we find as follows:
Employees earning annual leave and leaving service for the reasons listed in the ordinance, From 1977 until the 1988 amendment, were clearly limited to a $1,200.00 payment upon separation from service because that limit was a part of the benefit. Employees leaving service after the 1988 amendment lifting the limit were clearly entitled to be paid all of their annual leave hours (without limitation). All employees with annual leave balances standing to their credit at the time of the July 2, 1990 amendment, limiting the terminal payment to $3,000.00 were entitled or vested at that unlimited pre — July 2, amount, see Jones and Knecht supra. For example, if an employee had $10,000.00 in leave accumulations prior to July 2, 1990 he is entitled to be paid that amount regardless of the $3,000.00 limit imposed thereafter. The 1990 and 1992 ordinance amendments limit the amount now payable but cannot impair the vested rights in place prior thereto. Any leave earned since those amendments in 1990 and 1992 is so limited.
Therefore, it is the opinion of this office that those employees who had leave balances in excess of $3,000.00 prior to July 2, 1990 must be paid at least the amount standing to their credit on July 2, 1990 if that amount is greater than $3,000.00 and that greater amount is still in their account. They are entitled to the amount of leave credited July 2, 1990 or $3,000.00 whichever is greater, if they still retain the greater amount when they became eligible for the payment. This computation is limited by the fact that if the employee reduces his leave below the peak amount, pre-1990, he may not get paid for any increase over that reduction because he is now earning leave, the payment of which is restricted. Any leave earned subject to the $3,000.00 limitation is subject to that limitation as to payment. Any balances after such payment shall be used in accord with the ordinance or could have been used for its intended purpose, namely, time off with pay.
Trusting the above answers your questions we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: JAMES M. ROSS Assistant Attorney General RPI/JMR:cdw