Dear Mr. Speed:
This office is in receipt of your request for an opinion of the Attorney General in regard to giving benefits to part-time employees of the St. Helena Parish Police Jury. You indicate the Police Jury hires full-time employees as well as the part-time employees who are on a hourly basis. You state that many of these hourly employees work 40 hours each week until there is a shortage of funds. In fact, your are informed that most of these hourly employees work year round on a 40-hour week. The full-time employees receive employment benefits such as 75% of the health insurance premium being paid by the Police Jury, paid annual leave, 21 holidays each year, and enrollment in the parochial retirement system. Because of the high cost of health insurance and the cost of the retirement system the Police Jury cannot afford to extend these benefits to the hourly employees, but would like to extend to the hourly employees some annual vacation time and paid holidays.
You ask whether the St. Helena Parish Police Jury can extend some job benefits to the employees hired on an hourly basis of not more than 40 hours per week.
The law recognizes paid holidays for part-time employees in accordance with R.S. 1:55(B)(4) which provides as follows:
 When one or more holidays or half-holidays fall on a full-time employee's regular day off, his holiday shall be the closest regularly scheduled workday preceding or following the legal holiday, as designated by the head of the agency. Employees whose regular work hours do not fall in the time period, or fall only partly within the time period, of the holiday shall receive a number of hours equivalent to the holiday through compensatory time for overtime. Part-time employees having a regular work schedule will receive benefits in a similar manner as full-time employees except that their benefits will be prorated to the number of hours normally worked.
However, while you refer to the hourly employees as "part-time", this office has previously stated both federal and state law have established full-time employment as 40 hours per week. Atty. Gen. Op. No. 91-417. In accordance with your statement it appears that many of these employees in question should not be termed "part-time" but appear to be more appropriately considered temporary employees.
This office has recognized whether in private industry or government service the theory on which vacations with pay are given is that the refreshed and rejuvenated employee on his return from vacation will put into his work added energy and efficiency which compensates his employer for the salary paid during his leave. Atty. Gen. OP. 1942-44, p. 1267.
In another opinion this office also declared while the constitution prohibits the gratuitous donation of public funds, it does not prohibit the lawfully authorized payment of compensation for labor or service provided in the course of employment, and the employee benefits of annual leave, sick leave, and severance pay in this context are not considered donations to the extent they are fulfillments of implied or express conditions of the employment contract. However, it was observed there must be some congruity with the nature of the services rendered and some uniformity with the same type of benefits accorded other employees. It was concluded leave policy can create a legal entitlement to benefits, but it must be so consistently followed as to amount to custom. With reliance uponJones v. City-Parish of Baton Rouge, 526 So.2d 462
(La.App. 1988), it was maintained whether a formal ordinance or an unwritten custom resulting from a consistent executive policy, the municipal policy on payment of benefits may constitute a "legally protected tacit contract." Atty. Gen. Op. No. 90-358.
Therefore, we believe the Parish can establish a consistent policy for paid holidays and annual leave for these temporary employees even though they are not salaried but receive compensation by the hour.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR