Dear Mr. Sturgeon:
You have asked for an opinion from this office regarding the rights of a previous city employee to accumulated annual leave in excess of the amount permitted to be carried over by town ordinance.
Specifically, Ms. Gardner resigned on July 2, 1998, after five years in the employ of the Town of Ferriday. She was paid ten days accumulated annual leave in compliance with the town ordinance and policy manual. She has apparently asserted the position that she is entitled to all of her accumulated annual leave for the five year period of employment.
Annual leave is a benefit provided by the employer and is part of the contract of employment between the employer and employee. See, Knecht v. Board of Trustees, 591 So.2d 690 (La. 1991). The nature of the benefit is disclosed, defined, and limited by rule and statute and in this case, by the town ordinance. Once the benefit is earned it becomes a vested right in the employee. The benefit cannot be retroactively impaired or reduced by changing the rules under which it can be paid. Jones v. City Parish ofEast Baton Rouge, 526 So.2d 462 (La.App. 1 Cir. 1988).
Assuming for the moment that the ordinance did not change during the period of Ms. Gardner's employment so that there is no issue of retroactive application, it is clear that at the end of each year of employment the most she could accumulate as annual leave would have been ten days. Section 13:6(b), Ferriday Ordinance Book. This is regardless of the number of years of employment. At the end of the five years, the maximum accumulation is still ten days. This is consistent with the provisions for payment of terminal pay in the ordinance book and policy manual. It is a legitimate exercise of the powers of the town to limit the amount of accumulation of annual leave as long as it is clearly spelled out in the ordinance. That is the nature and extent of the benefit, as expressed by ordinance and policy. The failure of the employee to recall or understand the bargain does not change the obligation of the town with regard to payment of accumulated leave.
In summary, the maximum amount of annual leave that is due and payable to Ms. Gardner under the facts as presented in your opinion request is ten days.
We hope this has been responsive to your request, however should you have any questions or comments, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb