J^FITZSIMMONS, J.
This appeal revolves around the issue of prescription as it applies to a claim for accumulated compensatory time, or leave. *295 The trial court denied the peremptory exception of prescription filed on behalf of City of Baton Rouge/Parish of East Baton Rouge and the Greater Baton Rouge Airport District. We reverse for the following reasons.

FACTS

On July 17, 1995, Iray Ledoux filed a petition against the City of Baton Rouge/Parish of East Baton Rouge and the Greater Baton Rouge Airport District (City-Parish). He claimed entitlement to accumulated compensatory leave, which had been denied by the City-Parish.
In 1985, the City-Parish issued notices to its employees limiting the maximum amount of accrued compensatory time that an employee could accumulate to 45 days, or 360 hours, as of July 1, 1985.[1] Thereafter, on November 12, 1986, the City-Parish further reduced the permitted compensatory leave to a maximum accumulation of 240 hours.
The trial court ruled that Mr. Ledoux was owed 823 hours of compensatory time at $27.03 an hour, or $22,245.69. The court additionally awarded attorney fees and expenses in the sum of $13,021.35.
City-Parish has appealed, ascribing as assignments of error the following:
1) The trial court erred in failing to find Mr. Ledoux’s claims were prescribed and/or barred.
2) The trial court erred in awarding plaintiff relief because plaintiff failed to provide sufficient and credible evidence that he is entitled to any hours of compensatory time.
3) The trial court erred in awarding plaintiff attorney fees under La. R.S. 23:632.
4) The trial court erred in awarding plaintiff relief for 823 hours because he has received compensation or other credit for said hours and/or the number of hours is incorrect.
Mr. Ledoux answered the appeal in which he sought an increase in the compensatory time awarded.

PRESCRIPTIVE PERIOD

The trial court’s denial of the peremptory exception of prescription was not reversed by this court in its review of the writ application. On appeal, we now review the merits of the | ^applicable prescriptive period in compensatory leave matters. Does this alleged breach of Mr. Ledoux’s accumulation of compensatory time fall within the general ambit of La. C.C. art. 3499, which provides a 10-year liberative prescriptive period for a personal action, or, alternatively, does it fall within the parameters of La. C.C. art. 3494, requiring a 3-year prescriptive toll? Although the jurisprudence addressing this subject matter is very limited and the appellate courts are divided on the categorization of compensatory time, the supreme court has previously addressed this issue.
In Knecht v. Board of Trustees For State Colleges and Universities and Northiwestern State University, 591 So.2d 690, 695 (La.1991), the supreme court characterized employee benefits as a vested right in the employee to the promised benefit. The Knecht court also classified paid leave as a form of deferred compensation in lieu of wages. Applying comparable precepts from the jurisprudence of other states, the court stated that basic contract principles demand that once the services are rendered, the right to receive the promised remuneration vests. Finally, the court referred to the leave compensation issue as one involving a breach of contract.
However, in addressing the particular issue of whether a declaratory judgment *296 suit involving payment for overtime, sick leave and annual leave had interrupted prescription in the pending suit for payment for overtime, sick leave and annual leave, the Louisiana Supreme Court, thereafter, applied the 3-year prescriptive period delineated in La. C.C. art. 3494 to both the declaratory judgment petition and to the action to collect compensation. Montiville v. City of Westwego, 592 So.2d 390, 391 (La.1992).
In Wonycott v. Southern Business Machines, Inc., 595 So.2d 723, (La.App. 5th Cir.1992), handed down shortly after the Montiville decision, the Fifth Circuit Court of Appeal followed the implicit characterization established by the Louisiana Supreme Court in its analysis of a compensation agreement entered into between an employee and her employer. The employment agreement in that case provided that the employee would receive stock in the corporation in lieu of commissions. The issue faced by the fifth circuit was the categorization of the alleged failure of the defendant to issue stock or alternative compensation as a personal action for breach of contract, prescribed by 10 years, or its classification within La. C .C. art. 3494, which would be subject to the 3-year prescriptive period. The court found that the employee’s claim fell within the distinct exceptions to the general rule for the prescription period |4for contracts because article 3494(1) specifically relates to claims for compensation for services rendered.
It was, moreover, expressly observed by the fifth circuit court that the fact that the entire action sounds in contract is not dis-positive of the prescription issue because all of the actions covered by the provisions of article 3494 essentially arise from contractual relationships. The court concluded that the employee was “seeking compensation, either in the form of corporate stock or cash, for commissions earned in her sales job or for services rendered as a corporate officer.” Thus, the 3-year prescriptive period was applied. Wonycott, 595 So.2d at 726.
In contrast, the third circuit has, historically, and even recently, distinguished compensatory leave from the category of a wage or salary when it was called upon to apply the appropriate prescriptive period. See Southerland v. Board of Trustees for State Colleges and Universities, 97-897, p. 4 (La.App. 3rd Cir.4/2/98); 712 So.2d 618, 621, writ denied, 98-1467 (La.10/16/98); 726 So.2d 408. Although the Southerland court characterized the compensatory leave as a benefit of deferred compensation, it determined that there must be an express inclusion of compensatory leave to find that the action would be subject to a liberative prescription of less than the 10-year period permitted for personal actions. The court failed to find legislative intent to include compensatory leave within “compensation for services rendered,” and it opined that the issues involving leave benefits exceeded a “wage” or “salary.” Southerland, 97-897 at 5-6; 712 So.2d at 621.
After a review of the relevant civil code articles and the prevailing jurisprudence, we do not find the 3rd circuit holding to be consistent with the Louisiana Supreme Court’s dictates in this issue. See Montiville v. City of Westwego, 592 So.2d at 391. The pertinent legislative language in La. C.C. art. 3494(l)provides: “The following actions are subject to a liberative prescription of three years: ... [a]n action for the recovery of compensation for services rendered .... ” Mr. Ledoux’s claim for compensatory payment falls within the purview of “compensation.” It is, therefore, our opinion that the 3-year prescriptive period furnished pursuant to La. C.C. art. 3494 is controlling in this instance.

COMMENCEMENT OF PRESCRIPTION

Related to the role of prescription in the instant matter is a determination of its commencement. Louisiana Civil Code article 3495 states that the 3-year prescriptive period established by La. C.C. art. 3494 commences on the day payment be *297 comes “exigible.” Exigible” is defined in Black’s Laiu Dictionary as “demanda-ble; requirable.” See Williams v. Orleans Parish School Board, 560 So.2d 642, 644 (La.App. 4th Cir.1990).
It is undisputed that Mr. Ledoux was notified in 1985, 1986, and 1988 that his accumulated compensatory hours were being altered as of those times. In 1985, Mr. Ledoux was notified by the City-Parish that, commencing on August 1, 1985, his compensatory time would be limited to 360 hours. Thereafter, he received advance notice that, effective November 12, 1986, the accrual of compensatory time would be limited to 240 hours as of 1986. Finally, in 1988, the personnel rules were again amended to prohibit administrative employees from being paid for unused compensatory time at the time that their service terminated.
The right to accumulate and receive compensatory time for accrued overtime constitutes a constitutionally protected property right. Thus, the discontinuation of the right may be challenged as a constitutional violation. Finley v. Department of Transportation and Development, 93-1710, p. 5 (La.App. 1st Cir.6/24/94); 639 So.2d 431, 433, writs denied, 94-2246 (La.12/9/94); 647 So.2d 1107 and 94-2269 (La.12/9/94); 647 So.2d 1108; Jones v. City Parish of East Baton Rouge, 526 So.2d 462, 464-465 (La.App. 1st Cir.1988). At the times that the alterations in Mr. Ledoux’s right to compensation were executed, i.e., 1985 and 1986, Mr. Ledoux was purportedly deprived of his rights. Although he could not collect payment until he had retired from his employment, Mr. Ledoux’s demand for adherence to the terms of his employment arose on the dates that the reductions were effectuated. The operable 3-year period had tolled long before 1995. In conclusion, Mr. Ledoux’s claims for compensatory payment began in 1985 and 1986 respectively, and they prescribed three years thereafter. This determination disposes of the remaining issues brought before this court.
The trial court judgment in favor of Iray Ledoux, including the award of attorney fees, is hereby reversed, and the case against the City of Baton Rouge/Parish of East Baton Rouge and the Greater Baton Rouge Airport District is dismissed. All costs associated with this appeal are assessed to Iray Ledoux.
REVERSED AND RENDERED.
LeBLANC, J., dissents for reasons assigned by J. FOGG. GUIDRY J., concurs in the result. FOGG, J., dissents and assigns reasons.

. Prior to that time there had been no uniform written policy vis-á-vis the accumulation of compensatory leave.