Dear Mayor Morris:
You requested an Attorney General's opinion regarding benefits the City of Slidell provides its retirees and if, and under what circumstances, such benefits may be changed. You indicate that currently, when someone retires from the City, they may continue participating in the City's health insurance plan at no cost to them. The City pays 100% of the premium. This benefit is provided for by ordinance. You question whether any ordinance providing for retirement benefits that is in effect at the time of retirement of an employee operates as a contract between the City and the retiree.
The City is bound to honor contractual or vested rights which inure to the benefit of its retirees, if any. In the absence of any vested rights in favor of retired employees, the City may change or reduce the benefits it provides to its retired employees or increasing the percentage of the costs of coverage retirees are asked to pay. In the absence of contract with affected retirees which would provide otherwise, it is the opinion of this office that it is permissible for the City to treat retirees who retired at different times differently. See Attorney General Opinion Nos. 04-0132, 04-0131 and 03-0119.
The provision of health insurance is a benefit provided by the employer. The nature of that benefit, including continued entitlement to insurance after retirement, is defined by the contract of employment between the employer and the employee. A vesting issue only arises if a benefit, such as the right to insurance coverage during retirement, has been earned pursuant to the terms of the employment agreement. Once a benefit is earned, it becomes a vested right of the employee, and cannot be impaired or reduced by changing the rules pursuant to which it will be paid. See Attorney General Opinion No. 94-203.
In Attorney General Opinion No. 94-203 we stated:
 Annual leave is a benefit provided by the employer and is part of the contract of employment between the employer and employee. See Knecht v. Bd. of Trustees, 591 So.2d 690, (La. 1991). The nature of the *Page 2 benefit is disclosed, defined, and limited by rule and statute and in this case, by the Parish ordinance. Once the benefit is earned it becomes a vested right in the employee. The benefit cannot be retroactively impaired or reduced by changing the rules under which it can be paid, Jones v. City Parish of East Baton Rouge, 526 So.2d 462 (La.App. 1 Cir. 1988.) (Emphasis added)
Health insurance coverage for retirees is a benefit provided by the City to its employees, and is part of the contract of employment between the employer and employee. Like the annual leave discussed in the cited opinion, the nature of retiree health benefits provided by the City are defined by the City ordinance. As such, it is our opinion that the ordinance providing for retirement benefits that is in effect at the time of an employee's retirement operates as a contract between the City and the retiree.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General