CRAIN, J.
|2The plaintiff, Yoshi C. Thompson, appeals a judgment sustaining peremptory exceptions of prescription and dismissing her claims against Tom Schedler, in his capacity as the Louisiana Secretary of State, and Kenneth Folden, the former fiscal administrator for the Town of Jones-boro. We affirm in part, reverse in part, and remand.
FACTS AND PROCEDURAL HISTORY
This proceeding arises out of efforts to appoint an interim mayor for Jonesboro after the sitting mayor was convicted of charges involving malfeasance in office.[1] At a meeting on September 16, 2013, the Jonesboro town council voted to appoint Thompson, the wife of the convicted may- or, to the position of interim mayor. Fol-den, Jonesboro’s judicially appointed fiscal administrator, did not approve the appointment.[2] The Jonesboro town attorney advised the council that Folden’s approval was required. The meeting was adjourned with no further action.
Four days later, Thompson was administered an oath of office by Judge Tammie Lee, and on September 23, 2013, Thompson requested a commission from the Secretary of State recognizing her as Jones-boro’s interim mayor. The Secretary of State denied the request, allegedly because Judge Lee retracted the oath administered to Thompson. Almost one year later, on September 19, 2014, Thompson filed a mandamus proceeding against the Secre *772 tary of State and the Jackson Parish Clerk of Court, seeking an order directing the Secretary of State to |sissue a commission to Thompson as interim mayor. The commission was issued on October 2, 2014.
On October 1, 2015, Thompson filed this suit against several defendants, including the Secretary- of State and Folden. In relevant part, Thompson alleges the Secretary of State failed to timely issue her commission and Folden exceeded his authority by “over-riding” the vote of the town council at the September 16, 2013 meeting. Thompson also alleges Folden disregarded the vote of the town council at a meeting on December 24, 2014, when the council voted to accept Thompson as mayor and to compensate her pursuant to the statutory provisions applicable to interim' appointments. Se,e La, R.S. 42:1411C.
The Secretary of State and Folden responded with several exceptions, including peremptory exceptions of prescription asserting Thompson’s claims were filed more than one year after the acts giving rise to the claims. In opposition to the exceptions, Thompson argued that filing the mandamus suit interrupted prescription and rendered the present claims timely. Thompson’s evidence at the hearing on the exceptions included minutes from the September 16, 2013 council meeting, a copy of the mandamus petition filed on September 19, 2014, and the commission issued by the Secretary of State.
The trial court found prescription commenced on September 16, 2013, and ran to September 16, 2014. Because the mandamus suit was filed after that date, the trial court found the prescriptive period was not interrupted. A. judgment was signed on June 15, 2016, sustaining the exceptions of prescription and dismissing the claims against the Secretary, of State and Folden with prejudice. Thompson appeals.
J^DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ. Code art. 3447. Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Mallett v. McNeal, 05-2289 (La. 10/17/06), 939 So.2d 1254, 1258. Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the face of the plaintiffs petition shows that the prescriptive period has run, and the plaintiff -is contending there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. St. Romain v. Luker, 00-1366 (La.App. 1 Cir. 11/9/01), 804 So.2d 85, 88, writ denied, 02-0336 (La. 4/19/02), 813 So.2d 1083.
Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. See La. Code Civ. Pro. art. 931; Kelley v. General Insurance Company of America, 14-0180 (La.App. 1 Cir. 12/23/14), 168 So.3d 528, 533, writs denied, 15-0157, 15-0165 (La. 4/10/15), 163 So.3d 814, 816. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true, Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 11-2835 (La. 11/2/12), 125 So.3d 1057, 1072. When, as here, evidence is received at the trial of the' exception, the appellate court reviews the trial court’s factual findings under the manifest error-cleerly wrong standard. Warren v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 14-0310 (La.App. 1 Cir. 11/20/14), 168 So.3d 436, 439, writ denied, 15-0068 (La. 4/2/15), 163 So.3d 795.
*773 Thompson does not dispute that her claims are subject to the one-year prescriptive period applicable to delictual actions, which commences to run from the date the injury or damage is sustained. See La. Civ. Code art. 3492. She | ¿contends the trial court erred in finding the prescriptive period commenced for all claims on September 16, 2013, and that prescription was not interrupted by the filing of the petition for mandamus. We separately analyze-the claims against the Secretary of State and Folden.

Claim Against Secretary of State

Thompson’s cause of action against the Secretary of State is based on his refusal to issue the requested commission. The petition filed October 1, 2015, alleges Thompson presented an oath of office to the Secretary of State on September 23, 2013. Although not clearly articulated in the petition, Thompson claims the Secretary of State refused to issue her commission on that date. Any damage from that refusal could not be sustained before the date of the refusal. See La. Civ. Code art, 3495, Comment (b) (“On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible.”) The trial court’s finding that prescription commenced for the claim against the Secretary of State on September 16, 2013, the date the town council met, is manifestly erroneous. Prescription against the Secretary of State commenced no earlier than September 23, 2013, when the Secretary of State denied her request for a commission. However, because that alleged act or omission occurred more than one year prior to suit, the claim against the Secretary of State is prescribed on the face of the petition! Thus, Thompson bears the burden of proving prescription was interrupted. See St. Remain, 804 So.2d at 88.
Because the cause of action against the Secretary of State arose more than one year before this suit was filed, we must next determine whether the mandamus proceeding filed against the Secretary of State on September 19, 2014, less than one year after the refusal to issue the commission, interrupted prescription. Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. See La. Civ. Code art. 3462. A “civil action” is defined by Louisiana Code of Civil Procedure article 421 as “a demand for the enforcement of a legal right ... commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.” The essence of interruption by suit is notice to a defendant of. legal proceedings on a claim. See Montiville v. City of Westwego, 592 So.2d 390, 391 (La. 1992); Parker v. Southern American Insurance Co., 590 So.2d 55, 56 (La. 1991); Nini v. Sanford Brothers, Inc., 276 So.2d 262, 264 (La. 1973). The interruption of prescription continues as long as the suit is pending; however, the interruption is considered never to have occurred if the plaintiff abandons or voluntarily dismisses the action, or fails to prosecute the suit at trial. See La. Civ. Code art. 3463.
Citing Parker, Thompson argues the mandamus suit interrupted prescription because both the mandamus and tort suits assert a legal demand against the Secretary of State based upon his obligation to issue the requested commission. We find Parker factually distinguishable. In Parker, the supreme court considered whether a workers’ compensation claim filed against a sheriff interrupted prescription on a subsequent tort suit filed by the same plaintiff against the sheriffs liability insurer. See Parker, 590 So.2d at 56. The court found the worker’s compensation suit put the insurance company on notice that damages were being sought. Relying on the *774 allegations of monetary liability in the workers’ compensation claim, the supreme court held that that suit interrupted prescription, explaining, “Both the compensation suit and this tort suit are based on the occurrence of Parker’s death and the monetary liability of Sheriff Cappel .... Plaintiffs compensation suit against Sheriff Cappel gave this defendant notice that it might be liable on a cause of action arising from Parker’s death.” Parker, 590 So.2d at 56 (emphasis added).
In contrast, Thompson’s mandamus suit does not demand monetary damages from the Secretary of State, and the objects of the mandamus and tort suits are |7completely different. The mandamus sought only an order directing the Secretary to perform his ministerial duty and issue a commission. While that request served to notify the Secretary of a dispute concerning Thompson’s entitlement to the office, it did not put the Secretary on notice of a possible claim for monetary damages.
In Montiville, the supreme court held a declaratory judgment action did interrupt prescription for a subsequent suit filed by the same plaintiffs against the same defendant, to collect overtime, sick leave, and other compensation. The defendant’s liability was based on Louisiana Revised Statutes 33:2211 et seq., which mandated payment of the requested compensation. The plaintiffs sought and obtained a judgment declaring the statutes applicable to the defendant, and the defendant was ultimately ordered to comply with its obligations thereunder. See Montiville, 592 So.2d at 391. When the defendant refused to comply, the plaintiffs sued to collect the compensation that was previously declared due. The defendant argued the second suit was prescribed, but the supreme court disagreed, stating:
Plaintiffs’ 1984 petition for declaratory judgment claimed entitlement to benefits under LSA-R.S. 33:2211 et seq. Both that suit and this suit involve the City’s contractual responsibility under those statutes. The prior petition notified the City that it might be liable to the police officers under the statutes. Liability was confirmed by the declaratory judgment, which declared the City subject to the statutes. This proceeding seeks the further relief of a money judgment.
Montiville, 592 So.2d at 391 (citations omitted).
The declaratory judgment action in Montiville provided notice to the defendant of its liability for the compensation due under the statute. Thompson’s mandamus suit simply confirmed the duty of the Secretary to issue the commission to Thompson. It did not, and could not, result in a judicial declaration of liability for an amount due by the Secretary to Thompson. We affirm the granting of the | ^exception of prescription filed by the Secretary and the dismissal, with prejudice, of the claims filed against him.

Claims against Folden

The petition further alleges that Folden exceeded his authority at meetings of the town council on September 16, 2013, and December 24, 2014. With suit being filed October 1, 2015, any claim arising out of the September 16, 2013 meeting is prescribed on the face of the petition. Therefore, Thompson has the burden of proving prescription was interrupted. Thompson again relies on the mandamus suit, arguing that because it interrupted prescription against the Secretary of State, it also interrupted prescription against Folden. As previously discussed, the mandamus suit did not interrupt prescription against the Secretary of State. In fact, the mandamus suit was filed after prescription ran against Folden relative to the September 16, 2013 *775 meeting. Once prescription extinguishes a cause of action, a subsequent timely suit against a solidary obligor cannot revive the already prescribed action. Rizer v. American Surety and Fidelity Insurance Company, 95-1200 (La. 3/8/96), 669 So.2d 387, 390-91. The trial court did not err in sustaining the exception of prescription as to any claims against Folden arising out of the September 16, 2013 meeting.
Relative to the December 24, 2014 meeting, prescription for the claim against Folden began to accrue on the date of that meeting. See La. Civ. Code art. 3492. The petition was filed within one year of that date. Thus, that claim is not prescribed on its face, and Folden presented no evidence or argument suggesting it is prescribed. The trial court erred in sustaining the exception of prescription for that claim.
CONCLUSION
We affirm the June 15, 2016 judgment insofar as it sustained the exceptions of prescription and dismissed with prejudice all claims filed against the Secretary |3of State and any claims filed against Folden arising out of the September 16, 2013 town council meeting. The judgment is reversed insofar as it sustained the exception of prescription and dismissed with prejudice any claims against Folden arising out of the December 24, 2014 town council meeting. Costs of this appeal are assessed one-half to Yoshi C. Thompson, and one-half to Kenneth Folden.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
Welch J. concurs in result.

. See State v. Thompson, 49,483 (La.App. 2 Cir. 3/18/15), 163 So.3d 139, writ granted, 15-0886 (La. 2/24/17), 216 So.3d 55.

. Folden was appointed pursuant to Louisiana Revised Statute 39:1351, which, upon petition by the attorney general, authorizes the court to appoint a fiscal administrator for a political subdivision that is reasonably certain to default on certain financial obligations. Folden was the successor to the original fiscal administrator appointed for Jonesboro. See State ex rel. Caldwell v. Town of Jonesboro, 47,896 (La.App. 2 Cir. 12/19/12), 108 So.3d 217, 226, writ denied, 13-0173 (La. 1/23/13), 105 So.3d 60.