CRAIN, J. |2The plaintiff, Nolan Benson, doing business as Borrel’s EZ Shop, appeals a judgment sustaining an exception of prescription and dismissing his claims against the State of Louisiana, Department of Revenue, through the Office of Alcohol and Tobacco Control. We affirm. FACTS AND PROCEDURAL HISTORY Benson seeks damages against the state based on the state’s denial of his applications for a Class B liquor license for his business. The denial was premised upon Benson’s business being less than 300 feet from a church, school, playground, synagogue, or library, and therefore prohibited from licensure by Louisiana Revised Statute 26:281. Benson contends the state misapplied the relevant statutory provision and argues licenses were granted to other businesses located closer to churches. He claims the state was discriminating against him because he is a minority business owner. Benson alleged he was finally granted a license in December 2014, after the relevant statutory provision was correctly applied. Benson filed this suit for damages on May 19, 2015, in the 12th Judicial District Court, located in Avoyelles Parish, where Benson resides. The state filed exceptions of improper venue and prescription, which the trial court denied. The Third Circuit Court of Appeal granted the state’s application for writ of supervisory review and granted the exception of improper venue upon determining that Benson’s suit was required to be brought in East Baton Rouge Parish. Because the third circuit determined that venue was not proper in Avoyelles Parish, it also reversed the trial court’s ruling denying the exception of prescription, and referred the exception to the court of proper venue. After this suit was transferred to the 19th Judicial District Court in East Baton Rouge Parish, the state again urged its exception of prescription. The state Uargued that Benson’s claims were subject to a liberative prescription of one year, which began, at the latest, on July 22, 2010, the date Benson alleged his application for a liquor license was denied The state argued this suit, filed in 2015, was untimely and should be dismissed, Benson opposed the exception, claiming he alleged a continuing tort that persisted through December 2014, the date he finally obtained a liquor license. The trial court sustained the exception and dismissed Benson’s suit. Benson appeals. DISCUSSION Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ. Code art. 3447. Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Mallett v. McNeal, 05-2289 (La. 10/17/06), 939 So.2d 1254, 1258. Generally, the burden of proving a cause of action has prescribed rests with the party pleading prescription; however, when the face of the plaintiffs petition shows the prescriptive period has run, and the plaintiff is contending there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. Thompson v. Town of Jonesboro, 16-1224 (La. App. 1 Cir. 6/2/17), 222 So.3d 770. Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from, the petition. See La. Code Civ. Pro. art. 931; Kelley v. General Insurance Company of America, 14-0180 (La. App. 1 Cir. 12/23/14), 168 So.3d 528, 533, writs denied, 15-0157, 15-0165 (La. 4/10/15), 163 So.3d 816, 816, In the absence of evidence, the exception must be decided on the facts alleged -in the petition, which are accepted as true. Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 11-2835 (La. 11/2/12), 125 So.3d 1057, 1072. When, as here, evidence is received at'the trial of 14the exception, the appellate court reviews the trial court’s factual findings under the manifest error-clearly wrong standard. Thompson, 222 So.3d at 772. Benson does not dispute that hte 'claims are subject to the one-year prescriptive period applicable to delictual actions, which commences to run from the date the injury or damage is sustained. See La. Civ. Code art. 3492. Rather, he argues his claims constitute a continuing tort, and therefore have not prescribed. In support of his position, he introduced into' evidence his own affidavit, wherein he pertinently attested that he “consistently and repeatedly applied for a Class B liquor license ... beginning in 2004 until December 2014, when a license was finally issued.” The continuing tort doctriné is an exception to the general rule of prescription. Alexander v. La. State Board of Private Investigator Examiners, 15-0537 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 557, writs denied, 17-0571 (La. 5/26/17), 221 So.3d 855 and 17-0607 (La. 5/26/17), 221 So.3d 857. The doctrine is rooted in property damage cases and operates to prevent the commencement of the prescriptive period until the conduct causing the damage is abated. South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531, 532-33 (La. 1982). Application of the doctrine requires, the operating cause of the injury to be a continuous one resulting in continuous damage. Crump v. Sabine River Authority, 98-2326 (La. 6/29/99), 737 So.2d 720, 726. In other words, where the cause of injury is a continuous one giving rise to successive damages, prescription does, not begin to run until the conduct causing, the damage is abated. South Central Bell Telephone Co., 418 So.2d at 533. But if the operating cause of the injury is discontinuous (not a continuous one of daily occurrence), there are a multiplicity of causes of action and of corresponding prescriptive periods. Crump, 737 So.2d at 726. The focus of the continuing tort inquiry is a conduct-based one, asking |swhether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts. Hogg v. Chevron USA, Inc., 09-2632 (La. 7/6/10), 45 So.3d 991, 1003. The facts alleged by Benson do not support a finding of a continuing tort. Benson seeks damages based upon.the state’s refusal to grant him a liquor license. The operating cause of the claimed injury (the damage-causing conduct) was each denial of the licensure application. These were discrete or discontinuous occurrences, not continuous or systematic acts. Any damages Benson suffered were: apparent immediately upon the denial of the application. Benson claims the state’s repeated denial of the licensure applications resulted in damages that, continued until a license was granted in 2014. However, even if Benson continued to suffer ill effects or damages from the repeated denials of the applications, the continuing tort doctrine is inapplicable to these facts. Compare Hogg, 45 So.3d at 1005-07; Crump, 737 So.2d at 729. Further, though Benson contends each denial was premised upon erroneous grounds, it is well-settled the breach of the duty to right a wrong and make the plaintiff whole cannot be a continuing wrong that suspends the running of prescription^ as that is the purpose of any lawsuit and the obligation of every tortfeasor. See Hogg, 45 So.3d at 1007. The trial court did not err in rejecting Benson’s argument that the continuing tort -doctrine , prevented the commencement of the one-year prescriptive period, Each denial of an application commenced a new prescriptive period. The last denial identified by Benson occurred in 2010, Consequently, the trial court did not err in finding this suit, filed in 2015, untimely. CONCLUSION For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription and dismissing Benson’s suit against the state is affirmed. All costs of this appeal are assessed to Nolan Benson. AFFIRMED.